TURKETT v. UNITED STATES.
Civ. No. 3027.

District Court, N. D. New York.
Feb. 7, 1948.

Edgar S. Knox of Albany, N. Y., for plaintiff.

Irving J. Higbee, U. S. Atty., of Syracuse, N. Y. (E. J. Port, of Syracuse, N. Y., of counsel), for defendant.

BRENNAN, District Judge.

The plaintiff seeks herein to recover a money judgment under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. § 921 et seq.

The action is in negligence, and is based upon an accident or occurrence of November 27, 1945, at the Federal Biulding, Albany, New York. It appears from the papers and pleadings herein that on July 29, 1947, the Clerk of this Court received by mail at his office in Utica, New York, the complaint in this action. Enclosed therewith was a letter from plaintiff's attorney, requesting that a summons be issued. No question is raised but that the Clerk understood that an action was intended to be started by the filing of the complaint in his office. No filing fee accompanied the complaint. On the same day the Clerk wrote plaintiff's attorney advising that he was obliged to hold the complaint without filing, for the reason that the fee of fifteen dollars required to be paid to the Clerk upon filing the complaint had not been received. The letter of the Clerk was received at the office of plaintiff's attorney on July 30th or 31st. Same did not receive the attorney's personal attention until August 4, 1947, when a check for fifteen dollars, the fee requested by the Clerk, was forwarded by mail to him. The letter and check were received by the Clerk on August 6th. The complaint was then filed, a summons issued, and a copy of the summons and complaint delivered to the marshal who made service the same day.

Defendant's motion to dismiss is primarily based upon the claim that the Court lacks jurisdiction in this action, because same was not commenced within one year after the cause of action occurred or within one year after August 2, 1946, as provided in Title 28 U.S.C.A. § 942.

That a statute waiving the immunity of the United States must be strictly construed is well recognized, and requires no citation of authority for its support. It follows that unless this "action is begun," 28 U.S.C.A. § 942, within one year after August 2, 1946, the Court has no jurisdiction and the motion must be granted.

No case in point is cited, but the statutes involved seem to be clear. Rule 3 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides "A civil action is commenced by filing a complaint with the court" who shall forthwith issue a summons as required by Rule 4. Upon the institution of a suit the party instituting same shall pay to the clerk of the court as fees the sum of fifteen dollars. 28 U.S.C.A. § 549. The authority of the clerk to charge and collect such fees is contained in 28 U.S.C.A. § 548. He is required to account for same by the provisions of 28 U.S.C.A. § 567. Rule 8 of the Rules of the District Court for the Northern District of New York provides that upon the institution of any suit an indemnity of ten dollars shall be deposited with the clerk.

The language of the Rules and Statutes above referred to are too plain to leave any doubt that an action should be deemed to be commenced by the filing of the complaint. Gallagher et al. v. Carroll, et al., D.C., 27 F.Supp. 568. Their language also indicates clearly that a prerequisite of the filing is the payment of the clerk's fees. Any other construction would open the door to actions without merit by irresponsible parties, and make the clerk a credit man, whose accountability might result in his personal loss.

In Smith v. Johnston, 9 Cir., 109 F. 2d 152, at page 154, the court held that a clerk of a district court is justified in refusing to file a notice of appeal until his fee is paid. The same reasoning applies here. The words "begun," "commence" and "institution" as used in the statutes and rules above referred to all convey the same meaning, and they indicate the earliest point

of time that a claim may be considered in litigation.

Cases discussing the question of actual service of process are not in point here, and this decision is not to be construed as determining any other legal question, except that this action was not commenced or begun until the complaint was filed, and that pre-payment of fees was a necessary prerequisite to such filing.

That the plaintiff may be deprived of the right to litigate her cause of action due to a misunderstanding is unfortunate, but the Court must construe the statute as it exists, and the private right of an individual must at times give way in the public interest.

The motion is granted.