**ANNO v. UNITED STATES.**

**No. 607-52.**

United States Court of Claims.

July 13, 1953.

Prew Savoy, Washington, D. C. (H. H. Martin, Washington, D. C. of counsel), for plaintiff.

Thomas O. Fleming, Washington, D. C., Asst. Atty. Gen. Holmes Baldridge, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

HOWELL, Judge.

Plaintiff a citizen and resident of the Philippines, brings this suit to recover approximately $16,500 plus interest thereon, alleged to have been commandeered by officers of a recognized guerrilla unit during the period 1942 to 1944.

Plaintiff's petition was filed in this court on December 31, 1952. Defendant has filed a motion to dismiss the petition on the ground that the claim is barred by the statute of limitations applicable to claims coming within the general jurisdiction of the Court of Claims, 62 Stat. 976, 28 U.S.C. (Supp. V) § 2501, because it was not filed within six years after the claim first accrued. In Marcos v. United States, 102 F.Supp. 547, 106 F.Supp. 172, 122 Ct.Cl. 641, we held that the wartime suspension of the statute of limitations with respect to Philippine claims was lifted on September 2, 1945 because access to this court by

Filipinos had once again become possible. Under the ruling in that case, plaintiff's claim was barred after September 2, 1951.

■ Plaintiff has filed a motion asking the court to issue a *nunc pro tunc* order that the petition filed December 18, 1952, be deemed and held to have been filed August 14, 1951, and that if such motion be denied, defendant's motion to dismiss be held in abeyance until the court disposes of defendant's motion to dismiss in Alfredo C. Sese v. United States, No. 634–52, which case will then involve the same questions as that involved in the instant case.

In support of its motion plaintiff states that a signed petition to this court designated "Petition for Review and Reconsideration" was duly transmitted to the Clerk of this court for filing. The petition was signed by plaintiff June 3, 1951, and was received by the court prior to September 2, 1951. On August 14, 1951, the Assistant Clerk of the Court returned the petition to plaintiff with a covering letter which stated as follows:

> "Receipt is acknowledged of your 'Petition for Review and Reconsideration' of your claim.
>
> "I am returning herewith the aforesaid document for the reason that this court has held it has no jurisdiction to consider claims on appeal from the Army Claims Service."

It is plaintiff's position that although its petition was not in the precise form required by our rules, it did set forth a cause of action within the meaning of the Marcos case, supra, and the case of Victorio v. United States, 106 F.Supp. 182, 122 Ct.Cl. 708, in that it was received by the court prior to September 2, 1951, and was for a requisition made by a recognized guerrilla unit. Plaintiff urges that through no fault of its own but rather due to an error of the office of the Clerk of this Court, the petition was not filed and that only the *nunc pro tunc* order requested will serve to prevent irreparable injury and injustice to this plaintiff.

In its memorandum of law in support of its motion, plaintiff contends that delivery of the petition to the Clerk (prior to September 2, 1951) constituted a "filing" under both the Rules of this court and numerous Federal and State court decisions. Plaintiff concedes that the filing fee of $10 required by our rules did not accompany the petition, but urges that in the absence of any request therefor by the Clerk and refusal by plaintiff, the document must be considered "filed," citing cases. Plaintiff relies principally on the case of American Exchange National Bank of Dallas v. Colonial Trust Co., Tex.Civ.App., 186 S.W. 361, 363, which held that the Clerk of that court was entitled to demand the filing fee when an instrument was offered for recording, but that if he failed to do so immediately and retained the instrument in his custody pending notification of payment of fees, the instrument was nevertheless filed for record. In that case the clerk did not refuse to hold the instrument for filing nor did he mail it back to the bank. The clerk indorsed on the instrument the date of its receipt by him in his office and held it in his official custody. Furthermore the statute providing for the payment of filing fees applicable to that court stated:

> "No county clerk *shall be compelled to file* or record any instrument of writing permitted or required by law to be recorded, until after payment or tender of payment of all legal fees for such filing or recording has been made."

The court pointed out that under this statute the clerk was merely authorized to demand in advance all legal fees for the filing of the instrument; that the words "compelled to file or record" as used therein evidently had reference only to the doing of the services required by law in respect of making entry on the file register and of recording; that while the clerk might, under that article have had the personal privilege of requiring the payment of his fees, he was not forbidden to receive and retain in his office custody for record an authorized instrument until there was payment of the recording fee.

U.S.C. Title 28 § 2520 provides as follows:

> "(a) the Court of Claims shall by rules impose a fee not exceeding $10,

for the filing of any petition and the hearing of any case before the court, a judge, or a commissioner."

Rule 82, 28 U.S.C.A., promulgated pursuant to the above statute provides:

"Except for petitions filed under Rule 22(a), a fee of $10 shall be paid at the time of filing of any petition".

We have not had called to our attention any decisions passing on the question whether the payment of the above filing fee is a prerequisite of filing in the Court of Claims. However, certain decisions involving that problem in the District Courts are significant.

U.S.C. Title 28 § 1914 provides:

"(a) The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $15, except that on application for a writ of habeas corpus the filing fee shall be $5.

\*   \*   \*   \*   \*   \*

"(c) Each district court by rule or standing order may require advance payment of fees."

In Turkett v. United States, D.C., 76 F.Supp. 769, an action was held to have been commenced in the federal court under the Federal Tort Claims Act by the filing of the complaint, but a prerequisite of filing was held to be the payment of the clerk's fee of $15, citing 28 U.S.C.A. 549, the predecessor of Section 1914, new Title 28, 62 Stat. 954, quoted above, and insofar as material herein, nearly identical. The District Court pointed out that under Rule 3 of the Federal Rules of Civil Procedure, 28 U.S.C.A., a civil action is commenced by filing a complaint with the court; that upon the institution of the suit the party instituting the same must pay the $15 fee to the clerk whose authority to charge and collect the fee is found in Title 28 of U.S. C. The court stated, 76 F.Supp. at page 770:

"The language of the Rules and Statutes above referred to are too plain to leave any doubt that an action should be deemed to be commenced by the filing of the complaint. Gallagher v. Carroll, D.C., 27 F.Supp. 568. Their language also indicates clearly that a prerequisite of the filing is the payment of the clerk's fees. Any other construction would open the door to actions without merit by irresponsible parties, and make the clerk a credit man, whose accountability might result in his personal loss.

\*   \*   \*   \*   \*   \*

"That the plaintiff may be deprived of the right to litigate her cause of action due to a misunderstanding is unfortunate, but the Court must construe the statute as it exists, and the private right of an individual must at times give way in the public interest."

In Oil Well Supply Co. v. Wickwire, D.C., 52 F.Supp. 921, a number of cases are discussed in which it was held that the payment of a filing fee was a condition precedent to a District Court's clerk receiving a document for filing. See also Smith v. Johnston, 9 Cir., 109 F.2d 152, and Mondakota Gas Co. v. Montana-Dakota Utilities Co., 9 Cir., 194 F.2d 705.

We are persuaded that what has been said regarding the requirement that a filing fee accompany a petition in the District Court is equally applicable to this court under the statute and our rules. Accordingly, we hold that the clerk of this court had no authority to accept for filing plaintiff's petition in the summer of 1951, which petition was unaccompanied by the required filing fee, and plaintiff's motion is denied.

In the case of Hodges v. United States, Ct.Cl., 1953, 111 F.Supp. 268, we held that the formal petition filed July 16, 1952 was not timely because filed more than six years from September 2, 1945, and with that conclusion the writer herein was in agreement although not for all the reasons therein set forth. Hodges urged that his letter of April 30, 1951, addressed to the court and stating that the Army Claims Service had advised him that his claim before that agency had been forwarded to the Court of Claims, was a sufficient petition within the meaning of the Rules of this court although the "claim" referred to never

676

reached the court and the letter itself did not set forth a cause of action in any respect. We held that even if the letter of April 30, 1951 could have been treated as a petition and filed, it was not. Although the opinion does not so state, no filing fee accompanied Hodges' letter of April 30, 1951, and there was no conceivable obligation on the clerk of this court to do other than he did—return the letter and the enclosed evidentiary documents to the writer. In the instant case there was received by the court a more formal document setting forth most of the elements of a petition but unaccompanied by a filing fee.

Plaintiff's other contentions regarding the time when his cause of action accrued and the time when the suspension of the statute of limitations was lifted, have been disposed of in our decision issued this day in Sese v. United States, 113 F.Supp. 658. In the light of the conclusions reached in that case, we hold that plaintiff's petition which was filed on December 18, 1952, was barred by the statute of limitations and it is accordingly dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.