**Emilio BOLDUC, Plaintiff, of Waterville, Kennebec County,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 6–138.**

United States District Court
D. Maine, S. D.

Dec. 27, 1960.

---

Richard Dubord, Waterville, Me., for plaintiff.

Peter Mills, U. S. Atty., Portland, Me., for defendant.

GIGNOUX, District Judge.

This is an action under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., in which the plaintiff seeks to recover damages for personal injuries allegedly sustained by him as a result of a fall on the steps leading from the Veterans Administration Hospital at Togus, Maine on November 9, 1958. The complaint was received in the office of the Clerk of this Court by mail on November 9, 1960. Since the complaint was not accompanied by the filing fee of $15 required by 28 U.S.C. § 1914(a), the Clerk did not file it and notified counsel for the plaintiff that, in accordance with usual practice, payment of the filing fee would be required in advance of filing. The complaint was filed by the Clerk on November 19, 1960, the date on which the filing fee was received by him from plaintiff's counsel.

28 U.S.C. § 2401(b) provides in pertinent part: "A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *." The United States has moved for summary judgment upon the basis of this statute, since plaintiff's claim accrued, according to the complaint, on November 9, 1958, more than two years prior to the filing of the complaint.

An action is commenced by the filing of a complaint. Fed.R.Civ.P. 3, 28 U.S.C.A. Computing the two-year limitations period by the method prescribed in Fed.R.Civ.P. 6(a), the last day upon which the complaint could have been timely filed was November 9, 1960. Although the complaint was received by the Clerk on that date, it was not then filed because the filing fee was not paid in advance. It has been held that prepayment of the filing fee is a necessary prerequisite to the filing of a complaint, and that upon a record such as is presented in this case, an action is barred. Turkett v. United States, D.C.N.D.N.Y.1948, 76 F.Supp. 769. See Mondakota Gas Co. v. Montana-Dakota Utilities Co., 9 Cir., 194 F.2d 705, certiorari denied 1952, 344 U.S. 827, 73 S.Ct. 28, 97 L.Ed. 643; Anno v. United States, 1953, 125 Ct.Cl. 535, 113 F.Supp. 673.

However, the Mondakota Gas case has been expressly disapproved by the Supreme Court in Parissi v. Telechron, 1955, 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867, which seems clearly also to repudiate the doctrine of the Turkett and Anno cases and to be dispositive of the instant motion.

In the Parissi case, a notice of appeal was received in the Clerk's office before expiration of the thirty-day period provided by 28 U.S.C. § 2107 for filing notices of appeal, but the $5 fee, required by 28 U.S.C. § 1917 to be paid upon its filing, was not received until after the thirty-day period had expired. The District Court, 120 F.Supp. 235, by a *nunc pro tunc* order considered the date of receipt in the Clerk's office as the date of filing. The Court of Appeals, Parissi v. Foley, 2 Cir., 203 F.2d 454, reversed, and the Supreme Court reversed the Court of Appeals and upheld the District Court, stating (349 U.S. at page 47, 75 S.Ct. at page 577):

"We think that the Clerk's receipt of the notice of appeal within the 30-day period satisfied the requirements of § 2107, and that untimely payment of the § 1917 fee did not vitiate the validity of petitioner's notice of appeal."

The situation presented by the case at bar seems so closely analogous as to be controlled by the Parissi case. By 28 U.S.C. § 2107, involved in the Parissi case, an appeal is barred "unless notice of appeal is filed, within thirty days after the entry" of the judgment below. As previously set forth, 28 U.S.C. § 2401(b) bars this action "unless action is begun within two years after" the claim accrues and by Fed.R.Civ.P. 3 an action is "begun" by "filing a complaint." 28 U.S.C. § 1917, which was applicable in the Parissi case, provides that "upon the filing" of a notice of appeal, "$5 shall be paid to the clerk * * *." 28 U.S.C. § 1914(a), which is applicable in this case, provides that the Clerk "shall require the parties instituting any civil action * * * to pay a filing fee of $15 * * *."

The Court is unable to find any significant variation between the statutory language which was applicable in the Parissi case and that which is applicable here. Nor can this Court perceive any cogent consideration of policy that would distinguish the present case in principle from the Parissi case.

Only one further comment is necessary. 28 U.S.C. § 1914(c) provides: "Each district court by rule or standing order may require advance payment of fees." This District has no such rule or standing order. In view of the Parissi case, there is some question as to whether even such a rule or order would affect the outcome of this case. Without such a rule or standing order, the Parissi case seems clearly controlling.

For the reasons stated, the Court will enter a *nunc pro tunc* order according to the complaint a filing date as of the date the complaint was received in the Clerk's office; and defendant's motion for summary judgment must be, and it hereby is

Denied.