John N. KINYOUN, Plaintiff,

v.

Abraham RIBICOFF, Secretary of Health, Education and Welfare, Defendant.

No. 13110.

United States District Court
W. D. Missouri, W. D.

May 4, 1961.

Hogsett, Houts, James, Randall & Hogsett, Kansas City, Mo., for plaintiff.

Edward L. Scheufler, U. S. Atty., J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., for defendant.

R. JASPER SMITH, District Judge.

In this action, brought pursuant to the provisions of Section 405(g), Title 42, U.S.C.A., plaintiff seeks review of a decision of the Secretary of Health, Education and Welfare denying him disability insurance benefits as provided by Sections 416 and 423, Title 42, U.S.C.A. Defendant has moved to dismiss on the ground that plaintiff did not, as required by Section 405(g), commence the action within sixty days from the mailing of the notice of the final decision of the Secretary.

■ The record shows that plaintiff's claims were denied by the Appeals Council of the Office of Hearings and Appeals, Social Security Administration, on February 16, 1960, when that body declined to review a decision of a hearing examiner which also denied plaintiff's claims. On that same day the Appeals Council sent plaintiff a copy of its order, together with a letter which among other things informed plaintiff of the sixty-day requirement of Section 405(g). It is settled that a decision by the Appeals Council, declining to review a disposition made by a hearing examiner, is the final decision of the Secretary for purposes of judicial review within the meaning of Section 405(g). Langford v. Flemming, 5 Cir., 1960, 276 F.2d 215, 218; 20 C.F.R. Section 422.6(c). Since plaintiff did not file his claim for review until December 15, 1960, it is apparent that this Court does not have jurisdiction of the subject matter of this action. Zeller v. Folsom, D.C.N.D.N.Y.1956, 150 F.Supp. 615.

■■ However, it is plaintiff's argument that the sixty-day period should run from October 26, 1960. On that day, after an earlier written request by plaintiff, the Appeals Council refused to reopen the matter or modify its previous action. Without delving further into plaintiff's contentions in this regard, it is sufficient to say that the applicable statutes and regulations in this area do not provide for reconsideration by the Appeals Council. Moreover, there are no provisions which would make such a reconsideration (if one was made) a new final decision of the Secretary. Plaintiff's request to the Appeals Council to reopen the matter cannot be viewed as a petition asking for an extension of time in which to file this civil action. Langford v. Flemming, supra; 20 C.F.R., Section 403.711(2) (1959).

Defendant's motion is sustained and this action is dismissed.

It is so ordered.