**Riley GROSS**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare of the United States of America.**

Civ. A. No. 9405.

United States District Court
N. D. Indiana,
Hammond Division.

Aug. 23, 1965.

Sidney Krieger, Gary, Ind., for plaintiff.

Richard J. James, Asst. U. S. Atty., Hammond, Ind., for defendant.

BEAMER, District Judge.

By complaint filed in this Court on March 18, 1965, Plaintiff seeks review of what Plaintiff contends is a "final decision" of the Secretary of Health, Education and Welfare under 42 U.S.C. Section 405(g), whereby Plaintiff's application for disability insurance benefits was denied.

The undisputed facts relating to the procedural history of Plaintiff's applications for disability insurance benefits are as follows:

(a) Plaintiff first applied for a period of disability insurance benefits on June 22, 1962, and this application was denied by the Social Security Administration.

(b) Pursuant to Plaintiff's request for a hearing, a hearing was held culminating in a decision on May 22, 1963, by the Hearing Examiner denying Plaintiff's application on the ground that plaintiff was not disabled within the meaning of the Social Security Act at any time up through June 30, 1962, the date plaintiff last met the earnings requirements of the Act. On July 31, 1963, the Appeals Council denied Plaintiff's request for review of the Hearing Examiner's decision and Plaintiff was mailed a notice of Plaintiff's right to seek judicial

review of this "final decision" of the Secretary.

(c) Plaintiff, however, did not seek judicial review of this decision as authorized by 42 U.S.C. Section 405(g) by filing a civil action within 60 days after the mailing of notice of the Secretary's decision.

(d) On November 26, 1963, Plaintiff filed a second application for disability insurance benefits. This application was denied as well as Plaintiff's request for a hearing. The Hearing Examiner, by order dated January 6, 1965, denied the request for a hearing on the ground that Plaintiff's lack of disability for the period involved had already been finally determined by the prior Hearing Examiner and Plaintiff had failed to show good cause for re-opening this decision.

(e) On January 18, 1965, the Appeals Council denied Plaintiff's request for review of the Hearing Examiner's Order of January 6, 1965, refusing to re-open the case.

(f) This petition for review was filed March 18, 1965.

It is this Order of January 18, 1965, which Plaintiff seeks to have reviewed.

The Secretary contends that this Court is without jurisdiction to review the refusal of the Secretary to re-open Plaintiff's case. The only provision conferring jurisdiction to review decisions of the Secretary is Title 42 U.S.C. Section 405(g) and this only authorizes review as follows:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow."

The only "final decision" within the meaning of the above provision which has been rendered is the decision of the Appeals Council of July 31, 1963. Plaintiff failed to file any civil action for review within the sixty day period. Several cases clearly hold that the failure to seek review within the sixty day period is jurisdictional and review may not be had after this time since the sixty day requirement is a condition of jurisdiction. See Jamieson v. Folsom, 311 F.2d 506 (7th Cir. 1963); Bomer v. Ribicoff, 304 F.2d 427 (6th Cir. 1962); Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954). These cases hold that once the sixty day period after a final decision has elapsed, the decision is not reviewable either by a direct civil action to review filed in federal court or by an action to review a denial by the Secretary to re-open the case. These decisions are based upon res judicata and Social Security Regulations which authorize a Hearing Examiner to dismiss a hearing request where there has been a previous determination by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance, or, without judicial consideration, upon the claimant's failure to timely request review or to commence a civil action with respect to such determination. 20 C.F.R. 404.937.

Social Security Regulations provide that a decision by a Hearing Examiner may be re-opened within four years upon a showing of good cause. 20 C.F.R. 404.956. Good cause shall be deemed to exist where new and material evidence is furnished. 20 C.F.R. 404.958. In Filice v. Celebrezze, 319 F.2d 443 (9th Cir. 1963), claimant brought an action in federal court to review a decision of the Secretary entered April 26, 1960, denying claimant's application for disability insurance benefits. Claimant also sought review of the denial, January 8, 1962, of claimant's petition to reopen the 1960 decision. The Ninth Circuit af-

firmed the District Courts dismissal of the complaint, holding: (1) No jurisdiction existed to review the 1960 decision because no civil action was commenced within the sixty day period, and, (2) The District Court had no power to review the 1962 decision denying claimant's petition to reopen. The opinion indicates that claimant had introduced additional evidence which probably would have satisfied the "good cause" requirement for reopening as stated in the Social Security Regulations noted above. The Court still affirmed the dismissal noting that no power to review the refusal to reopen existed.

For these reasons, the Secretary's Motion to Dismiss should be granted and the complaint dismissed.