**Mary B. KEITH, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health & Human Services, Defendant.**

Civ. A. No. 84–9–NN.

United States District Court, E.D. Virginia, Newport News Division.

Jan. 25, 1985.

Stephen M. Smith, Joseph Smith, Ltd., Hampton, Va., for plaintiff.

Larry W. Shelton, Asst. U.S. Atty., Norfolk, Va., for defendant.

## OPINION AND ORDER

DOUMAR, District Judge.

The plaintiff, Mary B. Keith, by counsel, brought this suit pursuant to 42 U.S.C. Section 405(g) seeking review of the Secretary's final decision denying her supplemental social security benefits. The matter is before the Court on the Secretary's motion to dismiss the action, and the opposition motion of the plaintiff. The Court DISMISSES the action for the reasons below.

### I.

42 U.S.C. § 405(g) not only grants but delineates the requisites for federal district court jurisdiction over this subject matter. The section requires commencing a civil action for judicial review within 60 days of any final decision of the Secretary made after a hearing. At bar, the Secretary's motion challenges federal jurisdiction, asserting that this action was not filed within 60 days. The plaintiff argues the action was timely filed.

The relevant chronological events are noted below:

(a) April 26, 1983—ALJ decision mailed to plaintiff. Her application for benefits is denied.

(b) June 21, 1983—"Final Decision" of Secretary rendered. Social Security Appeals Council sends on June 21, 1983 by properly addressed, certified mail, a form letter dated June 10, 1983 to the plaintiff upholding ALJ's decision. Letter indicates plaintiff's right to judicial review within 60 days.

(c) July 27, 1983—Plaintiff's attorney sends a "physical capacities evaluation" completed by Dr. Phillips to Appeals Council apparently seeking reopening of the Secretary's final decision of June 21, 1983.

(d) August 20, 1983—Expiration of 60 day time limit from June 21, 1983, date of mailing of notice.

(e) November 4, 1983—Appeals Council sends plaintiff's attorney a letter noting his of July 27, 1983, yet deciding no new evidence exists to vacate the "Final Decision".

(f) December 30, 1983—The plaintiff's attorney seeks judicial review and a complaint is "lodged" with the Clerk of Court. Complaint not recorded as "filed" because filing fee not paid, and attorney is notified by Clerk of defect.

(g) January 3, 1984—60 days runs from the date of the November 4, 1983 Appeals Council Letter, (e), supra.

(h) January 20, 1984—This action is recorded as "filed" by Clerk upon receipt of filing fee, 77 days after November 4, 1983 Appeals Council letter denying reconsideration, and 7 months after original "Final Decision".

As can be seen from the sequence of events, the original "Final Decision" of the Social Security Administration (SSA) was rendered June 21, 1983. The critical date for filing a civil complaint seeking review of the SSA decision was August 20, 1983.[1] The instant complaint was filed on January 20, 1984. However, plaintiff's counsel sent to the SSA a "physical capacities evaluation" completed by a doctor, well within the 60 day judicial review filing deadline.[2] See (c), supra. The SSA did not respond to the July 27, 1983 correspondence until months later, on November 4, 1983, well *outside* the 60 day time limit. The plaintiff's attorney did not file a court action by August 20, 1983 apparently waiting to hear from the SSA.

The letter of the plaintiff's attorney did not request an extension of time to request reopening nor did the SSA ever indicate it would reopen the denial of benefits. The Court can only presume that the intention

1. Some decisions involving timeliness of Court filings by Social Security claimants have examined whether the time frames run from mailing or receipt of the SSA notice. See *Whipp v. Weinberger,* 505 F.2d 800 (6th Cir.1974); *Chiappa v. Califano,* 480 F.Supp. 856 (S.D.N.Y.1979). However, such a determination is not required here as there is no such "close call".

2. July 27, 1983
Social Security Administration
55 West Queens Way
Suite 200
Hampton, Virginia 23669

of counsel was to obtain some change in the original SSA decision.

In any case, on November 4, 1983, the SSA sent the following letter to counsel:

Dear Mr. Smith:

Re: Ms. Mary B. Keith, 6 Crestwood Circle, Hampton, VA 23669

After the Appeals Council denied the request for review in this case, it received a physical evaluation dated July 11, 1983 from James Phillips, M.D.

The Appeals Council has given careful consideration to the physical capacities evaluation provided by Dr. Phillips but decided that the new evidence does not provide a basis for changing the prior conclusion reached by the Council on June 10, 1983 [mailed June 21, 1983]. In view of the above, *the Appeals Council has decided that there is no basis for vacating its previous action in this case.* Accordingly, the decision dated April 26, 1983, stands as the final decision of the Secretary on the claimant's application dated August 27, 1982.

Sincerely,

/s/ David G. Danziger

David G. Danziger

Member, Appeals Council

(emphasis added).

The statute involved, 42 U.S.C. § 405(g), provides in part as follows:

(g) Judicial review. Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him

RE: Mary B. Keith 231 22 5469
Gentlemen:
I am enclosing herewith Physical Capacities Evaluation relative to the claimant in the above-styled Social Security matter by Dr. James Phillips.
Thank you for your courtesy, I am
  Yours very truly,
  JOSEPH SMITH, LTD.
  /s/ Stephen M. Smith (by kmh)
  Stephen M. Smith
SMS/kmh
Enclosure

of notice of such decision or within such further time as the Secretary may allow. . . .

The statute provides that in order to obtain a review, a civil action must be commenced within 60 days after the mailing to him of the final decision or within any extension the secretary may allow.

Under the pertinent regulations, the issue is whether the letter of July 27, 1983 constituted or created an extension or whether the letter of November 4, 1983 created a new "final decision."

Under the narrow supplemental Social Security benefit regulations permitting reopening, a claimant may in effect be able to extend or toll the 60 day judicial review time frame laid out in 42 U.S.C. § 405(g). This obtains if the SSA vacates an otherwise final decision by (1) granting an "Extension of time to file action in Federal District Court", 20 C.F.R. 416.1482 (1984), or (2) by reopening an otherwise final decision under the following federal regulations:

§ 416.1482. Extension of time to file action in Federal district court.

Any party to the Appeals Council's decision or denial of review, or to an expedited appeals process agreement, may request that the time for filing an action in a Federal district court be extended. The request must be in writing and it must give the reasons why the action was not filed within the stated time period. The request must be filed with the appeals Council, or if it concerns an expedited appeals process agreement, with one of our offices. If you show that you had good cause for missing the deadline, the time period will be extended. To determine whether good cause exists, we use the standards explained in § 415.411.

§ 416.1487. Reopening and revising determinations and decisions.

(a) *General.* Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review. However,

a determination or a decision made in your case may be reopened and revised. . . .

\* \* \* \* \* \*

More importantly, 20 C.F.R. § 416.1488 (1984), entitled "Conditions for Reopening" reads in part:

A determination, revised determination, decision, or revised decision *may* be reopened—

(a) *Within 12 months of the date of the notice of the initial determination for any reason;*

(b) Within two years of the date of the notice of the initial determination if we find good cause, as defined in § 416.1489, to reopen the case; . . . .

\* \* \* \* \* \*

(emphasis added). In this case it does not appear that the plaintiff's attorney ever requested an extension of time pursuant to § 404.982, nor that the Secretary or anyone acting for her extended the time.

■ The plaintiff's original application was filed August 27, 1982. The language of § 416.1488 states that the SSA *may* reopen a case *for any reason* so long as it is sought within 12 months of the initial determination. The operative word in section 416.1488 is "may". The clause does not state that the SSA *shall* reopen the case. Therefore, reopening of the decision was in the discretion of the SSA. Though counsel properly could have sought to reopen within 12 months, the 60 day judicial review time was continuing to run by without an SSA response. *Cf. Friddle v. Heckler*, 720 F.2d 24 (8th Cir.1983). On November 4, 1983, the SSA declined to vacate the prior decision. No reopening nor an extension by regulation or statute was effectuated in any way.

■ The rule is well settled that the letter of November 4, 1983 indicating that a prior final decision will not be vacated or reopened does not constitute a new "final decision", and the critical date runs from the earlier date. *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 985, 51 L.Ed.2d

192 (1977); *Teague v. Califano,* 560 F.2d 615, 618 (4th Cir.1977); *Easley v. Finch,* 431 F.2d 1351, 1353 (4th Cir.1970); *Parker v. Sec. of HHS,* 543 F.Supp. 1041 (E.D.N.Y. 1982); *Brantley v. Califano,* 478 F.Supp. 613 (M.D.Ga.1979); *Gross v. Celebrezze,* 246 F.Supp. 66 (D.C.Ind.1965); *Kinyoun v. Ribicoff,* 194 F.Supp. 528 (W.D.Mo.1961). As the Supreme Court decided in *Sanders, supra:*

> [A]n interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), [42 U.S.C. § 405(g) ] to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. 20 C.F.R. § 404.951 (1976). Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims.

403 U.S. at 108, 97 S.Ct. at 986. Admittedly, in *Sanders* the petition to reopen or reconsider was requested several years after the original final decision and well outside the judicial review time frame. However, theoretically, there is no difference between *Sanders* and the case at bar. Congress established a reasonable time constraint which must be followed to deny multiple claims on essentially the same application. Under any other construction, there would never be any "final decision", so long as a claimant filed or kept filing "reconsiderations", and the 60-day judicial review time frame would be undermined. As the Fourth Circuit stated in *Teague, supra,* 560 F.2d at 618, § 405(g) "does not permit judicial review of agency decisions refusing to reopen a claim proceeding."

Thus, the time within which the plaintiff should have "commenced" his judicial suit was August 20, 1983.

## II.

█ Even if the Appeals Council's refusal to vacate its prior decision was viewed as the final decision or triggering date, the result would still be the same.

The suit was first received by the Court on December 30, 1983, or 56 days after the refusal to vacate. The required $60.00 filing fee did not accompany the complaint. The Clerk's Office therefore "lodged" the complaint and notified plaintiff's counsel by phone of the fee deficiency. A clerk's notation on the cover letter which counsel sent to the Clerk's Office indicates that the Clerk's Office called counsel December 30, 1983 and January 6, 1984, requesting that the fee be paid.

Counsel paid the fee on January 20, 1984, seventy-seven days after the reconsideration denial, and the action was recorded as filed on that date.

The issue of whether the Clerk's receipt of the complaint, without the $60.00 filing fee constituted commencement of the action will be determined without reference to SSA regulations, save for the 60-day judicial review time limit of 42 U.S.C. § 405(g).

Rule 3 of the Federal Rules of Civil Procedure states as follows:

> A civil action is commenced by filing a complaint with the court.

Rule 5(e) of the Federal Rules of Civil Procedure states as follows:

> The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court. . . .

The following statement appears at 2 Moore's Federal Practice, § 3.04, at 3–18:

> Question has arisen as to whether an action is properly commenced where the complaint is delivered to the clerk without payment of the filing fee. Although some earlier decisions held that payment of the fee is a prerequisite to filing of the complaint, [footnote omitted] in the more recent cases it has been held that payment of the fee is not required to commence an action.

*Id.* For this "recent cases" proposition, Moore's cites the following:

The Supreme Court's decision in *Parissi v. Telechron, Inc.* (1955) 349 U.S. 46, 75 S Ct 577, 99 L ed 867, dealing with a closely analogous situation, supports the conclusion that payment of the filing fee is not a prerequisite to commencing an action. In Parissi, a notice of appeal and appeal bond were received by the clerk of the district court, within the prescribed 30 days for appeal. The appellant inadvertently neglected to pay the five dollar filing fee until after the 30 days had elapsed. The Court of Appeals dismissed the appeal as untimely. The Supreme Court reversed. It held "that untimely payment of the § 1917 fee did not vitiate the validity of petitioner's notice of appeal."

The court in both Anno [*Anno v. United States*, 113 F.Supp. 673, 125 Ct.Cl. 535 (1953)] and Turkett [*Turkett v. United States*, 76 F.Supp. 769 (N.D.N.Y.1948)] relied to some extent on cases holding that failure to pay the filing fee within the prescribed time for appeal constituted a jurisdictional defect. *Mondakota Gas Co. v. Montana-Dakota Utilities Co.* (CA9th, 1952) 194 F.2d 705; *Smith v. Johnston* (CA9th, 1940) 109 F.2d 152. The court in *Parissi* expressly disapproved the *Mondakota Gas* case.

In *Bolduc v. United States* (D Me 1960) 189 F.Supp. 640, the complaint was filed before the running of the statute of limitations, but the filing fee was not paid. The court refused to enter a summary judgment as it felt that Anno and Turkett had been repudiated by Parissi. Therefore, the complaint was held to be filed as of the date the complaint was first received by the clerk.

\*     \*     \*     \*     \*     \*

Moore's, supra, note 6 at 318–319. The Supreme Court's per curiam, one page opinion in *Parissi*, supra, was based on 28 U.S.C. § 1917, which details fees payable on appeals taken from district courts. The statute reads:

§ 1917. District courts; fee on filing notice of or petition for appeal.

Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

Moore's notes the *Parissi* case and the *Bolduc* case which was decided subsequent to *Parissi*.

*Bolduc* is significant and enlightening. There the complaint was "lodged" within the two year Federal Tort Claims Act statute of limitations. However, the action was not recorded as "filed" until the Clerk received the filing fee, which occurred outside the limitations period. *Bolduc, supra,* at 641. Accordingly, the defendant filed a summary judgment motion alleging that the action was barred as filed too late. The Court examined 28 U.S.C. § 1917 (appeal fees), *supra,* and compared it with 28 U.S.C. § 1914 (district court filing fees), which presently reads in full:

§ 1914. District court; filing and miscellaneous fees; rules of court.

(a) The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $60 except that on application for a writ of habeas corpus the filing fee shall be $5.

(b) The clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States.

(c) Each district court by rule or standing order may require advance payment of fees.

(d) This section shall not apply to the District of Columbia.

Following this comparison, the Court in *Bolduc* held:

The Court is unable to find any significant variation between the statutory language which was applicable in the Parissi case and that which is applicable here. Nor can this Court perceive any cogent consideration of policy that would distin-

guish the present case in principle from the *Parissi* case.

Only one further comment is necessary. 28 U.S.C. § 1914(c) provides: *"Each district court by rule or standing order may require advance payment of fees." This District has no such rule or standing order.* In view of the *Parissi* case, there is some question as to whether even such a rule or order would affect the outcome of this case. *Without such a rule or standing order, the Parissi case seems clearly controlling.*

For the reasons stated, the Court will enter a nunc pro tunc order according to the complaint a filing date as of the date the complaint was received in the Clerk's Office; ...

*Bolduc, supra,* at 642. (Emphasis added).

Critical to the determination of this case is the fact that the Local Rules of Practice in the Eastern District of Virginia do provide for advance payment of filing fees pursuant to 28 U.S.C. § 1914(c). Therefore, we find a significant and dispositive difference between the *Bolduc* case and the instant case. Here, there is a local rule promulgated pursuant to the statute; whereas, in the *Bolduc* case, no such rule was in place. Local Rule 16(B) states:

### RULE 16

### COSTS NONRESIDENTS NOTICE OF APPEAL

\* \* \* \* \* \*

(B) Payment in Advance: All fees and costs due the Clerk shall be paid in advance except (1) in actions brought on behalf of seamen, (2) where a party has been authorized to proceed in forma pauperis, or (3) where a party is otherwise exempt by law.

\* \* \* \* \* \*

Local Rules of Practice, United States District Court for the Eastern District of Vir-

ginia. (Effective July 1, 1982). Clearly, Local Rule 16 requires the advance payment of district court filing fees; hence, unlike the situation in *Bolduc,* the Clerk here properly refused to record the complaint as filed without the payment of the fee. The instant plaintiff was neither proceeding *in forma pauperis,*[3] as a seaman, or under any recognized exemption.

Interestingly, the local rules do not mention advance payment of fees on taking an appeal to the Court of Appeals for the Fourth Circuit, nor does 28 U.S.C. § 1917 sanction local rules for advance payment thereof. The provision of 28 U.S.C. § 1914(c) authorizing the local prepayment rule in the district courts is not paralleled in the appeal fee statute, 28 U.S.C. § 1917, this being the single most important factor adduced by the Court.

The Court believes that the *Parissi* Supreme Court decision is properly applicable to appeals from the District Court under 28 U.S.C. § 1917, and not to cases construing payment of district court fees under 28 U.S.C. § 1914. We must disagree with the statement in *Bolduc* that *Parissi* "seems clearly also to repudiate the doctrine of the *Turkett* and *Anno* cases ..." *Bolduc, supra,* at 641. *Parissi* in a one-page per curiam decision only held that lack of the fee with a notice of appeal did not warrant dismissal, and stated that: "Anything to the contrary in such cases as *Mondakota Gas Co. v. Montana-Dakota Utilities Co.,* 9th Cir.1952, 194 F.2d 705, we disapprove." *Parissi* expressly overruled cases holding that the fee is a positive prerequisite to proper "filing" of an appeal, such as *Mondakota, supra* (notice of appeal, fee issue); *Smith v. Johnston,* 109 F.2d 152 (9th Cir. 1940) (*in forma pauperis,* notice of appeal and fee issue); however, we feel it did not repudiate *Anno v. United States,* 113 F.Supp. 673, 125 Ct.Cl. 535 (1953) (district

---

**3.** In *Austin v. Reynolds Metals Company,* 327 F.Supp. 1145 (E.D.Va.1970), Judge Merhige held that in a Title VII suit, 42 U.S.C. 2000e–5(e), a complaint, though lacking a filing fee, would nonetheless be considered "filed", where the let-

ters of the plaintiffs made clear that the plaintiff sought to proceed *in forma pauperis.* *Austin* did not mention the *Parissi* case, 28 U.S.C. § 1914(c), or Local Rule 16(B) yet is in accord with this decision.

court filing fee required to commence action, pursuant to 28 U.S.C. § 1914); *Turkett v. United States,* 76 F.Supp. 769, (N.D. N.Y.1948) (district court filing fee required in advance to commence action, pursuant to 28 U.S.C. § 1914 predecessor and local rule); *cf. Oil Well Supply Co. v. Wickwire,* 52 F.Supp. 921 (E.D.Ill.1943) (fee is condition precedent to commencement of action in Illinois state court where advance fee payment statute in force).

Besides the important difference in the statutory language of 28 U.S.C. § 1914, which permits the prepayment local rule, and § 1917, which does not, the Court makes note of significant policy considerations. Authorizing the commencement of the district court action without the required fee would breed countless administrative and procedural woes, and give to the Clerk's Office an element of discretion where none was intended. The Clerk's office could be converted into a part-time credit institution, spending significant energy collecting fees as well as extending credit. See *Turkett, supra* at 770.

Prior to the date of a complaint's "filing", jurisdictional and procedural deadlines abound. Upon the proper "filing" in the district court, these various limitations often are moot. Therefore, when an appeal is taken from a case already legitimately filed and considered, it is understandable that the lack of the $5.00 fee with a notice of appeal should not cause dismissal of the appeal under 28 U.S.C. § 1917. See *Parissi, supra.*

In the Eastern District of Virginia, the complaint must be accompanied by the filing fee to achieve filed status, with the exceptions noted in Local Rule 16(B). The complaint in this matter was not properly "filed" within the time frame required.[4] Thus, for the reasons set forth in Parts I and II of this opinion, this action is DISMISSED with prejudice.

IT IS SO ORDERED.

4. See 42 U.S.C. § 405(g).