FORMER EMPLOYEES OF LTV STEEL, PLAINTIFFS *v.*
UNITED STATES, DEFENDANT

Court No. 87–03–00554

(Decided July 16, 1987)

*Melanie Housty* (on behalf of Former Employees of LTV Steel Co.), *pro se.*

*Richard K. Willard,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*A. David Lafer*), for the defendant.

## MEMORANDUM OPINION AND ORDER

TSOUCALAS, *Judge:* This action is before the Court on defendant's motion to dismiss. Since the Court lacks jurisdiction over this action, defendant's motion is granted.

By letter dated March 20, 1987, Melanie Housty, on behalf of the former employees of LTV Steel Co., Hammond Cold Finished Bar Plant, sought review of the Secretary of Labor's ("Secretary") denial of certification of eligibility to apply for trade adjustment assistance which was made pursuant to 19 U.S.C. § 2273 (1982). That determination was published on October 10, 1986. 51 Fed. Reg. 36,486, 36.487 (1986). The Office of the Clerk deemed the letter a summons and complaint, and informed Ms. Housty, by letter dated March 25, 1987, that a $25.00 filing fee is required when commencing an action pursuant to 28 U.S.C. § 1581(d)(1) (1982). *See* USCIT R. 3(b). That letter also warned Ms. Housty that failure to remit the fee may result in dismissal of the action.

In her letter to the Clerk, Ms. Housty referred to a prior letter, dated October 12, 1986, in which she had requested review of the Secretary's negative determination. She enclosed a copy of that letter with the subsequent letter of March 20, 1987. In the March 25th letter, the Clerk's Office informed Ms. Housty that there was no record of receipt of the letter of October 12th, and requested that she forward to the Court any proof of mailing that she might have. To date, plaintiffs have not remitted the filing fee, have not offered any proof of mailing of the October 12th letter, and have failed to respond to the motion to dismiss.

## DISCUSSION

Despite a warning from the Office of the Clerk, plaintiffs have not remitted the filing fee and apparently have ignored the motion to dismiss. On identical facts, this Court granted a motion by the United States to dismiss in *Former Employees of Badger Coal Co.* v. *United States,* 10 CIT 693, 694, 649 F. Supp. 818, 819 (1986).

In this case, the Court acknowledges an additional fatal defect in plaintiffs' attempt to properly commence this action. The Federal Circuit has recently held that the time requirements of 19 U.S.C. § 2395(a) (1982) and 29 C.F.R. § 90.19(a) (1986) are jurisdictional. *Kelly* v. *Secretary, United States Dep't of Labor,* 812 F.2d 1378, 1380 (Fed. Cir. 1987). Taken together, those provisions demand that the instant action be commenced within sixty days of publication of the Secretary's determination in the Federal Register. *Id.* at 1379. Plaintiffs failed to comply with this condition.

USCIT R. 5(g)* provides generally that the filing of a pleading or other paper by mailing is completed upon receipt. Since there is no record of receipt of the October 12th letter, no proof of mailing by

---

*The full text of Rule 5(g) is as follows:

ordinary mail, and no indication that plaintiffs availed themselves of the exception for "date-of-mailing" filing, the Clerk was correct to deem plaintiffs' "summons and complaint" as first filed on March 23, 1987, the date of actual receipt of the March 20th letter. The time to commence this action expired on December 9, 1986, the date sixty days beyond October 10, 1986. Accordingly, without casting any doubt on Ms. Housty's explanation regarding the letter of October 12th, this Court is constrained by applicable law to conclude that the instant action is time barred.

In light of the foregoing, this action is hereby dismissed.

---

Service or filing of any pleading or other paper by delivery or by mailing is completed when received, except that a pleading or other paper mailed by registered or certified mail properly addressed to the party to be served, or to the clerk of the court, with the proper postage affixed and return receipt requested, shall be deemed served or filed as of the date of mailing.

