Slip Op. 01-150

# UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE: RICHARD K. EATON, JUDGE**

| | | |
|---|---|---|
| **FORMER EMPLOYEES OF AST RESEARCH, INC.**, | : | |
| Plaintiffs, | : | |
| v. | : | **Court No. 00-10-00481** |
| **UNITED STATES DEPARTMENT OF LABOR**, | : | |
| Defendant. | : | |

Former Employees of AST Research, Inc. ("Plaintiffs") brought action seeking judicial review of United States Department of Labor's ("Labor") denial of petition for Trade Adjustment Assistance benefits. United States ("Government"), on behalf of Labor, moved to dismiss complaint for lack of subject matter jurisdiction pursuant to USCIT R. 12(b)(1). Defendant alleged Plaintiffs had not commenced action within sixty-day statutory filing period under 28 U.S.C. § 2636(d). Plaintiffs argued filing was timely because: (1) Labor waived sixty-day filing period by its "acts and omissions"; and (2) submission of papers to Member of Congress was "functional equivalent of a court filing." United States Court of International Trade, Eaton, J., held: (1) Labor did not waive filing period by alleged "acts and omissions" and, moreover, Plaintiffs received both constructive notice of determination, and actual notice of determination, time limits, and procedure for seeking judicial review; and (2) submission of documents to Member of Congress was not sufficient to commence action in United States Court of International Trade.

[Defendant's motion to dismiss for lack of subject matter jurisdiction granted; action dismissed.]

Decided: December 20, 2001

*Cameron & Hornbostel LLP* (*Alexander W. Sierck*), for Plaintiffs.

*Robert D. McCallum, Jr.*, Assistant Attorney General of the United States; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Velta A. Melnbrencis*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Delfa Castillo*), for Defendant.

## OPINION

**EATON, JUDGE:** Plaintiffs seek judicial review of the United States Department of Labor's ("Labor") determination that they were ineligible for Trade Adjustment Assistance ("TAA") benefits under the Trade Act of 1974, as amended, 19 U.S.C. §§ 2271–2322 (1994). The United States ("Government"), on behalf of Labor, moves, pursuant to USCIT R. 12(b)(1), to dismiss the complaint for lack of subject matter jurisdiction. For the reasons set forth below, the court grants the Government's motion.

## BACKGROUND

Plaintiffs are former employees of AST Research, Inc. ("AST") who, prior to their separation from that company, serviced warranty claims for desktop computers. Proceeding pro se, Plaintiffs petitioned for TAA benefits on April 10, 2000. (R. at 1.) After an investigation, Labor determined that Plaintiffs were ineligible for benefits because they did not produce an "article" within the meaning of 19 U.S.C. § 2272.[1] See Notice of Determination Regarding

---

[1] A group of workers is eligible to receive TAA benefits where Labor determines:

(1) that a significant number or proportion of the workers . . . have become totally or partially separated . . . ,

(2) that sales or production, or both . . . have decreased absolutely, and

(3) that increases of imports of articles like or directly competitive with articles produced by such workers' firm . . . contributed importantly to such total or partial separation . . . .

19 U.S.C. § 2272(a) (1994).

Eligibility To Apply for Worker Adjustment Assistance and NAFTA Transitional Adjustment Assistance, 65 Fed. Reg. 34,732, 34,733 (May 31, 2000). On June 1, 2000, Plaintiffs petitioned for administrative reconsideration of Labor's decision. (R. at 31.) On July 10, 2000, Labor sent all Plaintiffs letters stating that their request for reconsideration had been dismissed, and that they had 60 days from the publication of the notice of determination in the Federal Register to petition for judicial review. (See Compl., letter from Beale to Williams of 7/10/00 ("Beale Letter")). Notice of Labor's determination was subsequently published in the Federal Register on July 20, 2000. See AST Research, Inc., Fort Worth, Texas; Dismissal of Application for Recons., 65 Fed. Reg. 45,108 (July 20, 2000) ("Notice of Dismissal"). Thereafter, on August 25, 2000, Plaintiffs wrote their Member of Congress asking for help in obtaining benefits. (See Compl., letter from Williams et al. to Lewis of 8/25/00.) Finally, on September 28, 2000, the Clerk of this court received a copy of the documents previously sent to Plaintiffs' Member of Congress. (Compl., letter from Thornton to Williams of 01/23/01.) The Clerk, pursuant to USCIT R. 3(a)(3),[2] deemed these documents to be a summons and complaint sufficient to commence this action on September 28, 2000. (Id. ("The Office of the Clerk has reviewed your correspondence and has accepted it as fulfilling in principle the requirements of the summons and complaint for commencement of a civil action to review a final determination regarding certification of eligibility for trade adjustment assistance.").)

---

[2] This rule provides that a "civil action is commenced by filing with the clerk of the court: . . . [a] summons and complaint. . . ." USCIT R. 3(a)(3).

**STANDARD OF REVIEW**

Because they seek to invoke the court's jurisdiction, Plaintiffs have the burden of proving its existence by a preponderance of the evidence. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

**DISCUSSION**

In support of its motion, the Government asserts that Plaintiffs commenced this action beyond the sixty-day statutory time period within which an aggrieved party may file suit to contest a final determination with respect to the eligibility of workers for TAA benefits. (See Def.'s Mot. Dismiss at 2–3.) For their part, Plaintiffs claim that the court has jurisdiction over this matter because the sixty-day statutory time period for commencing an action under 28 U.S.C. § 1581(d)(1) was waived by the Government's "acts and omissions" (see Pls.' Resp. to Def.'s Reply in Supp. Mot. Dismiss at 1–2) or that Plaintiffs' letter to their Member of Congress was "the functional equivalent of a formal court filing."[3] (Pls.' Resp. to Def.'s Mot. Dismiss at 3.)

The timeliness of actions brought under 28 U.S.C. § 1581(d)(1) is governed by 28 U.S.C. § 2636 (1994). See Former Employees of ITT v. United States, 12 CIT 823, 824 (1988); Former

---

[3] Plaintiffs also contend that the statutory sixty-day time frame for filing may be subject to estoppel or equitable tolling. While estoppel and equitable tolling are available in TAA cases, see, e.g., Former Employees of Seimens Info. Communication Network v. Herman, 24 CIT __, __, Slip Op. 00-141, at 8–13 (2000) (discussing TAA and equitable tolling), here it is not necessary for the court to reach these questions as Plaintiffs allege no conduct that could colorably invoke either doctrine.

Employees of Badger Coal Co. v. United States, 10 CIT 693, 694, 649 F. Supp. 818, 819 (1986).

The statute provides:

> A civil action contesting a final determination of the Secretary of
> Labor under [19 U.S.C. § 2273] . . . is barred unless commenced in
> accordance with the rules of the Court of International Trade
> within sixty days after the date of notice of such determination.

28 U.S.C. § 2636(d); see also 19 U.S.C. § 2395(a) (specifying that an aggrieved party "may,

within sixty days after notice of such determination, commence a civil action in the United States

Court of International Trade"); 29 C.F.R. § 90.19(a) (2000). A "final determination" includes a

negative determination on an application for reconsideration. See 29 C.F.R. § 90.18(e) (2000)

(stating that such decisions "shall constitute a final determination for purposes of judicial

review"); see also 29 C.F.R. § 90.19(a) (identifying the variety of final determinations that may

be issued by Labor pursuant to the Trade Act of 1974). By statute, Labor is required to publish

its final determinations in the Federal Register. See 19 U.S.C. § 2273(c). Publication constitutes

constructive notice, see Former Employees of Malapai Res. v. Dole, 15 CIT 25, 27 (1991), and,

in accordance with regulations, begins the running of the sixty-day period. See 29 C.F.R. §

90.19(a) (a party "must file for review in the Court of International Trade within sixty (60) days

after the notice of determination has been published in the Federal Register."); See also Malapai,

15 CIT at 27. Pro se plaintiffs are not excepted from the application of this constructive notice

rule. See Kelley v. Sec'y, United States Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987).


Here, there is no dispute as to the relevant facts:  the Notice of Dismissal was published

in the Federal Register on July 20, 2000; Plaintiffs were sent, on July 10, 2000, and received a

copy of Labor's determination; and Plaintiffs' documents were accepted for filing by the Clerk of the Court on September 28, 2000. Thus, (1) Plaintiffs received both constructive notice of Labor's final determination by publication of the Notice of Dismissal in the Federal Register and actual notice, by letter, of both the final determination and the method for seeking judicial review, and (2) Plaintiffs' documents were accepted for filing by the Clerk of this court more than 60 days following publication of the Notice of Dismissal.

Plaintiffs contend that "the Department of Labor, by its acts and omissions, waived its right to object to plaintiff's allegedly tardy filing . . . ." (Pls.' Resp. to Def.'s Reply in Supp. Mot. Dismiss at 2.) Plaintiffs do not, however, specify what these "acts and omissions" might be. The only point at which Plaintiffs allude to something akin to acts or omissions is when they ask the court to "order defendant to explain to this Court the reason for its apparent failure to specifically inform before February 4, 2000 each Plaintiff that if AST did not lay them off by that date each would be ineligible" for TAA benefits.[4] (Pls.' Resp. to Def.'s Mot. Dismiss at 4.) Even if the court were to credit Plaintiffs' argument that "defendant could have, and should have, done a better job, earlier in the process, of explaining to plaintiffs the crucial significance of the February 4, 2000 cut-off date for eligibility under the February 4, 1998 . . . ruling" (Pls.' Resp. to Def.'s Mot. Dismiss at 3), it is difficult to see the relevance of this argument to Plaintiffs' failure to commence an action in this court within sixty days of publication of the Notice of Dismissal.

---

[4] Plaintiffs' request relates to an earlier finding, not now before the court, in which AST employees—including Plaintiffs—were certified as eligible for TAA benefits in the event they were separated from employment prior to February 4, 2000. See Notice of Determinations Regarding Eligibility To Apply for Workers Adjustment Assistance and NAFTA Transitional Adjustment Assistance, 63 Fed. Reg. 12,830 (Mar. 16, 1998); 19 U.S.C. § 2291(a)(1)(B) (1994).

Plaintiffs make no argument with respect to failure to receive notice of the sixty-day requirement; and indeed it is difficult to see how they might. Not only was the Notice of Dismissal published—thereby giving Plaintiffs constructive notice—but Plaintiffs were each sent a copy of the Beale Letter describing the procedure for seeking judicial review—including the sixty-day requirement. That the parties received the Beale Letter, and thus had actual notice of the sixty-day requirement, is evident by its inclusion among the documents sent to the Clerk of the Court commencing this action.

The court is also unconvinced by Plaintiffs' argument that their letter to their Member of Congress should constitute "the functional equivalent of a formal Court filing . . . ." It is indeed well established that the briefs of pro se litigants are held to a less stringent standard than formal briefs filed by attorneys. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520–21 (1972); see also Hilario v. Sec'y, Dep't of Veterans Affairs, 937 F.2d 586, 589 (Fed. Cir. 1991) (stating pro se litigants "are not required to file artful, legally impeccable submissions in order to proceed on appeal . . . ."). Nevertheless, the leniency afforded pro se litigants with respect to mere formalities does not extend to circumstances involving jurisdictional requirements. See Kelley, 812 F.2d at 1380. Pro se litigants are not immune from laws and proper procedures simply on the basis of their pro se status. See, e.g., Constant v. United States, 929 F.2d 654 (Fed. Cir. 1991) (imposing sanctions against pro se appellant for filing frivolous appeal). Thus, just as a letter to a Member of Congress cannot be considered a filing with this court on behalf of a plaintiff represented by counsel, it cannot be considered a proper filing where, as here, Plaintiffs were proceeding pro se.

## CONCLUSION

Because Plaintiffs have not proved, by a preponderance of the evidence, that the court retains subject matter jurisdiction over the instant action, the court grants the Government's motion to dismiss.

_____
Richard K. Eaton, Judge

Dated: December 20, 2001
New York, New York