**NEC CORPORATION, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 85-7-00948.**

United States Court of International Trade.

Nov. 19, 1985.
Rehearing Denied Jan. 10, 1986.

Tanaka, Ritger & Middleton, Patrick O'Leary, Washington, D.C., for plaintiff.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Velta A. Melnbrencis, Dept. of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., for defendant.

### Memorandum Opinion and Order of Dismissal

WATSON, Judge:

This case is before the Court upon the motion of the defendant, United States, to dismiss for lack of jurisdiction, filed August 30, 1985, and the motion of the plaintiff, NEC Corporation, "to correct the filing date", filed September 30, 1985. Both motions pertain to the plaintiff's alleged failure to file the summons commencing this action within the time prescribed in 19 U.S.C. § 1516a(a)(2) and 28 U.S.C. § 2636(c). Various other papers have since been submitted, which are accepted for filing and have been considered in deciding these motions.

In this action, plaintiff seeks to contest the final results of the Commerce Department's administrative review of an antidumping finding, pursuant to 19 U.S.C. § 1675(a), in the matter of *Television Receiving Sets, Monochrome and Color, from Japan.* Notice of the decision was published in the Federal Register on June 10, 1985. 50 Fed.Reg. 24278. This Court has exclusive jurisdiction to review such administrative determinations pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c). The applicable time limits for the filing of a summons and complaint in such an action are set forth in 19 U.S.C. § 1516a(a)(2)(A) as follows:

... Within thirty days after

(i) the date of publication in the Federal Register of—

(I) notice of any determination described in clause ... (iii) ... of subparagraph (B) ...

an interested party who is a party to the proceeding in connection with which the matter arises may commence an action in the United States Court of International Trade by filing a summons and within thirty days thereafter a complaint, each with the content and in the form, manner, and style prescribed by the rules of that court, contesting any factual findings or legal conclusions upon which the determination is based.

Those time limits are expressly made jurisdictional under 28 U.S.C. § 2636(c), which states:

A civil action contesting a reviewable determination listed in [19 U.S.C. § 1516a] is barred unless commenced in accordance with the rules of the Court of International Trade within the time specified in such section.

In this case, it is undisputed that plaintiff's counsel sought to post by certified mail an envelope addressed to the clerk containing the summons on July 8, 1985, but the envelope was returned to plaintiff's counsel on July 15, 1985 with the notation "insufficient postage." Counsel thereupon remailed the envelope with proper postage. Upon receipt thereof, the clerk deemed the summons as having been filed on the latter mailing date, July 15, 1985, pursuant to Rule 5(g) of this Court.

Defendant contends that this action is time-barred because the plaintiff failed to file the summons in this Court within thirty days after publication of the Commerce Department's administrative determination in the Federal Register on June 10, 1985. Plaintiff does not dispute that if the clerk properly assigned the filing date of July 15, 1985 to the summons then the action must be dismissed as untimely. *See generally Royal Business Machines, Inc. v. United States,* 669 F.2d 692, 702 (C.C.P.A.1982). Plaintiff argues, however, that the clerk should have treated the summons as having been filed on July 8, 1985, the date plaintiff attempted to send the summons by certified mail with insufficient postage.

Both 19 U.S.C. § 1516a(a)(2)(A) and 28 U.S.C. § 2636(c) make reference to the Rules of the Court of International Trade for determining whether the applicable fil-

ing deadlines were met. The rule governing filing dates is Rule 5(g), which states:

*Service and Filing—When Completed.* Service or filing of any pleading or other paper by delivery or by mailing is completed when received, except that a pleading or other paper mailed by registered or certified mail properly addressed to the party to be served, or to the clerk of the court, *with the proper postage affixed* and return receipt requested, shall be deemed served or filed as of the date of mailing. (emphasis added).

Plaintiff's position that the original certified mailing on July 8, 1985 completed the filing of the summons, despite insufficient postage, is indeed difficult to square with the language of Rule 5(g). If the rule merely stated that service or filing is complete as of the date of mailing by certified mail, plaintiff might have some basis for arguing that prepayment of proper postage was not essential. However, the date-of-mailing exception in Rule 5(g) expressly requires certified mailing "with the proper postage affixed." By failing to affix sufficient postage to the summons, plaintiff failed to fulfill an explicit condition under Rule 5(g) for date-of-mailing filing.

Plaintiff suggests that the Court inserted the requirement of proper postage in Rule 5(g) merely for "administrative convenience." This suggestion is without basis or merit. As plaintiff acknowledges, postal service guidelines do not require delivery to the addressee of mail with insufficient postage. *See* U.S. Postal Service Domestic Mail Manual, Section 146.13, Insufficient Payment. In this case, in fact, plaintiff's July 8, 1985 certified mailing was never delivered to the clerk, but instead was returned to plaintiff's counsel with the notation "insufficient postage." Hence, the requirement of proper postage clearly serves the fundamental purpose of ensuring that the item sent will be delivered to the addressee.

Prior decisions of this Court afford no support for plaintiff's novel construction of Rule 5(g). Although apparently no case has involved a summons which was not timely filed due to insufficient postage, in *Jernberg Forgings Co. v. United States*, Slip Op. 84–17 (March 8, 1984), *vacated,* Order (April 26, 1985), the Court was faced with a timely-filed summons followed by a complaint which was not timely filed due to insufficient postage. In that case, plaintiffs' initial unsuccessful mailing of the complaint—like the unsuccessful mailing of the summons in this case—had occurred within the applicable time limit prescribed in 19 U.S.C. § 1516a(a)(2)(A). The Court, nevertheless, found that plaintiffs failed to file their complaint within the prescribed period because the subsequent mailing with proper postage occurred after the period elapsed. The Court, however, granted plaintiffs' motion for leave to file their complaint out of time, reasoning that under the language of former-28 U.S.C. § 2636(c) [1] and Rule 3(a) of this Court, only the thirty-day limit for filing the summons was jurisdictional; the requirement in 19 U.S.C. § 1516a(a)(2)(A) that the complaint be filed within thirty days thereafter was merely a "procedural detail", the breach of which could be excused for good cause.

Needless to say, nothing in *Jernberg* or cases following it [2] suggests that under

---

**1.** At the time of the *Jernberg* decision, 28 U.S.C. § 2636(c) read as follows:

A civil action contesting a reviewable determination listed in [19 U.S.C. § 1516a] ... is barred unless commenced in accordance with the Rules of the Court of International Trade within thirty days after the date of the publication of such determination in the Federal Register.

The amended version of this subsection, quoted *ante,* p. 1087, applies to all cases pending on, or filed on or after, October 30, 1984. Pub.L. 98–
573, Title VI, § 623(b)(1), 626(b)(2), October 30, 1984, 98 Stat. 3041, 3042.

**2.** In *Continental Steel Corp. v. United States,* 614 F.Supp. 548 (1985), this Court, without opinion, denied defendant's motion to dismiss and granted plaintiffs' motion for leave to file their complaints out of time. As in *Jernberg,* the summons had been timely filed, but the complaints were untimely due to insufficient postage.

The language and reasoning of *Jernberg* were recently followed in *Lone Star Steel Co. v. United States,* Slip Op. 85–61 (June 7, 1985), *vacated,*

 

Rule 5(g) the clerk should treat documents not received by the Court, but instead returned to the sending party because of insufficient postage, as having been filed on the date of the unsuccessful certified mailing. To the contrary, the Court found in those cases that the complaints were not filed until the date of the subsequent successful though untimely mailing, and the Court gave plaintiffs leave to file their complaints out of time. No such leave is possible in this case where the summons was not timely filed, since the thirty-day limit for filing the summons is unquestionably jurisdictional.

Because Rule 5(g) expressly requires proper postage for date-of-mailing filing, and because without proper postage there is no assurance that mail will be delivered to the addressee, the Court holds that by failing to affix sufficient postage to the summons on July 8, 1985, plaintiff's counsel failed to fulfill an essential requirement for date-of-mailing filing. The clerk, therefore, properly deemed the summons as having been filed on July 15, 1985, the date plaintiff's counsel mailed the summons with sufficient postage.

Plaintiff emphasizes that counsel's failure on July 8, 1985 to affix sufficient postage to the envelope containing the summons addressed to the clerk was a good faith mistake committed by clerical personnel,[3] and that return receipts indicate that plaintiff timely served copies of the summons upon all interested parties. The jurisdictional nature of the thirty-day filing requirement, however, renders such concerns irrelevant. Even accepting that plaintiffs' counsel acted in good faith and that no party has been prejudiced, plaintiff's untimely filing of the summons in this Court, of itself, requires that this case be dismissed.

For the foregoing reasons, it is ORDERED:

1. That plaintiff's motion to correct the filing date of the summons in this action is hereby denied.

2. That defendant's motion to dismiss is hereby granted.

3. That this action is hereby dismissed for lack of jurisdiction.

---

Order (July 30, 1985). The Court, however, quoted the previous version of 28 U.S.C. § 2636(c), and apparently was unaware of the October 30, 1984 amendment.

**3.** Plaintiff's counsel indicates that the envelope containing the summons was mailed simultaneously with copies addressed to the interested parties. The person handling the mailing apparently weighed an envelope addressed to one of the interested parties and assumed that each of the envelopes, including the one addressed to this Court, weighed the same. The envelope addressed to the Court, unfortunately, contained more papers and required greater postage.