**PISTACHIO GROUP OF the ASSOCIATION OF FOOD INDUSTRIES, INC., et al., Plaintiffs,**

v.

**UNITED STATES, Defendant,**

**California Pistachio Commission, et al., Defendants-Intervenors.**

No. 86-04-00475.

United States Court of International Trade.

July 17, 1986.

Harris & Berg (Herbert E. Harris II and Cheryl Ellsworth), Washington, D.C., for plaintiffs.

---

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Dept. of Justice, Commercial Litigation Branch (Platte B. Moring, III), Washington, D.C., for defendant.

Fried, Frank Harris, Shriver & Jacobson (David E. Birenbaum), Washington, D.C., for defendants-intervenors.

## MEMORANDUM OPINION AND ORDER

DiCARLO, Judge:

On March 11, 1986, Commerce published its *Final Affirmative Countervailing Duty Determination and Countervailing Duty Order; In-Shell Pistachios From Iran*, 51 Fed.Reg. 8344. On April 7, 1986, within thirty days after the publication of the countervailing duty order, plaintiffs filed a summons contesting the final determination pursuant to 19 U.S.C. § 1516a(a)-(2)(A)(i)(II) (Supp. II 1982). On May 9, 1986, thirty-two days after the filing of the summons, plaintiffs filed their complaint.

■ On June 6, 1986, defendant moved to dismiss the action for lack of jurisdiction on the ground that plaintiffs failed to file the complaint within thirty days after the summons was filed, and moved to stay the filing of the administrative record until forty-five days after disposition of the motion to dismiss. On June 11, 1986, plaintiffs moved for an extension of time within which to file the complaint.

The questions presented are (1) whether the Court has jurisdiction under 28 U.S.C. § 2636(c) (Supp. II 1984) in an action brought under 19 U.S.C. § 1561a(a)(2)(A) in which the summons is timely filed but the complaint is not filed within thirty days after the filing of summons, and (2) if so, whether plaintiff should be granted leave to file its complaint out of time under Rule 6(b) of the Rules of this Court. The Court holds that this action is not barred by plaintiff's failure to file its complaint within thirty days after the filing of the summons and that plaintiff is granted leave to file its complaint.

The time within which this action must be commenced is controlled by 28 U.S.C. § 2636(c). *See Bethlehem Steel Corp. v. United States*, 742 F.2d 1405, 1412 (Fed. Cir.1984). Plaintiff asserts that the question whether a timely complaint is a jurisdictional prerequisite was answered in *Jernberg Forgings Co. v. United States*, 7 CIT 62 (1984), *vacated on other grounds*, Slip Op. 84–116 (October 15, 1984), wherein an untimely complaint was held not to bar jurisdiction. Although the Court reaches the same result as in *Jernberg*, that case is not dispositive of the jurisdictional question since that case involved language of section 2636(c) which has been changed by the Trade and Tariff Act of 1984, Pub.L. 98–573, 98th Cong. 2d Sess. (1984). *See NEC Corp. v. United States*, 622 F.Supp. 1086, 9 CIT —— (1985), *appeal pending*, (Fed.Cir. Nos. 86–912, 86–922).

Section 2636(c), as amended states:

A civil action contesting a reviewable determination listed in section 516A of the Tariff Act of 1930 [19 U.S.C. § 1516a] is barred unless *commenced in accordance with the rules of the Court of International Trade within the time specified in such section.* [Emphasis added.]

28 U.S.C. § 2636(c) (Supp.II 1984).

The question whether the action is barred depends upon whether the action was commenced in accordance with the Rules of this Court within the time specified in 19 U.S.C. § 1516a.

The commencement of actions is governed by Rule 3 of the Rules of this Court which states in pertinent part:

A civil action is commenced by filing concurrently with the clerk of the court a summons and complaint except that *the following civil actions are commenced by filing a summons only:*

. . . .

(2) an action described in 28 U.S.C. § 1581(c) to contest a determination listed in section 516A(a)(2) of the Tariff Act of 1930. [Emphasis added.]

Since an action to contest a determination listed in section 1516a(a)(2) is com-

menced under the Rules of this Court "by filing a summons only," the Court has jurisdiction over any such action in which the summons is filed within the time specified in section 1516a. Section 1516a states in pertinent part:

Within thirty days after—

(i) the date of publication in the Federal Register of—

....

(II) an antidumping or countervailing duty order ...

an interested party who is a party to the proceeding in connection with which the matter arises may commence an action in the United States Court of International Trade by filing a summons, and within thirty days thereafter a complaint....

Since plaintiff filed a summons within thirty days after the publication of the countervailing duty order, this action was "commenced in accordance with the rules of the Court of International Trade within the time specified in [section 1516a]," 28 U.S.C. § 2636(c), and accordingly the Court has jurisdiction.

Defendant erroneously argues that when Congress amended section 2636(c) it intended to make the filing of a complaint within thirty days after the filing of a summons a jurisdictional prerequisite. Defendant's interpretation begins with a deletion of the reference in section 2636(c) to commencement in accordance with the Court's rules. It then reads the section to mean that commencement can only be accomplished by fulfilling both the summons and complaint procedures set forth in section 1516a, irrespective of the manner in which commencement is defined in the Rules of this Court. Defendant further argues that in *Bethlehem Steel Corp. v. United States*, 742 F.2d 1405 (Fed.Cir.1984), "the appellate court concluded that the time limits specified in section 1516a, *not* section 2636(c), controlled." Brief for Defendant at 5.

Like *Jernberg, supra, Bethlehem Steel* was a case involving the law as it existed prior to the Trade and Tariff Act of 1984, Pub.L. 98–573, 98th Cong. 2d Sess. (1984). The *Bethlehem Steel* Court held that an action challenging a negative aspect of an affirmative determination by the Department of Commerce was properly brought within thirty days after the publication of the final countervailing duty order rather than within thirty days after the earlier final affirmative countervailing duty determination.

In discussing the relationship between sections 1516a and the former version of section 2636(c), the *Bethlehem Steel* Court found those provisions to be *"in pari materia"* and without conflict. 742 F.2d at 1412. While the Court found congressional intent that the prior version of section 2636(c) "should 'substantially restate ... the law set forth in section 516A of the Tariff Act of 1930 [19 U.S.C. § 1516a], as added by the Trade Agreements Act of 1979,'" *id., citing* H.R.Rep. No. 1235, 96th Cong.2d Sess. 56, *reprinted in* 1980 U.S. Code Cong. & Ad. News 3729, 3767, there is nothing in *Bethlehem Steel* which indicates that the time provisions set forth in section 1516a are controlling of the Court's jurisdiction except insofar as that section is incorporated by reference in 28 U.S.C. § 2636(c). *See Bethlehem Steel*, 742 F.2d at 1412, *quoting* S.Rep. No. 466, 96th Cong., 2d Sess. 17 (1979).

Although the language of section 2636 has been changed, the legislative history is silent as to the reasons for the amendments to sections 1516a and 2636(c). The Court will not infer from the change in section 2636(c) that Congress intended *sub silencio* to strip the Court of its discretion to allow late filings of complaints under Rule 6(b), overrule *Jernberg Forgings* by making the filing of a timely complaint as well as the filing of a timely summons a jurisdictional prerequisite, and supercede Rule 3(b) of the Rules of this Court, which defines the manner in which an action under section 1516a(a)(2) is commenced.

Section 2636(c) was a technical change necessitated by a simultaneous substantive amendment to section 1516a. Section 1516a(a)(2)(A)(ii) states that an action contesting a Commerce determination concerning whether a particular type of merchan-

dise is within the class of merchandise described in an existing finding of dumping or antidumping or countervailing duty order must be commenced within thirty days after "the date of *mailing* of a determination." 19 U.S.C. § 1516a(a)(2)(A)(ii) (Supp. II 1984) (emphasis added). Since the new version of section 1516a contains this provision, reflecting a time period begun by an event other than *publication* of a determination in the Federal Register, section 2636(c) could not possibly have been left in its previous form, under which actions contesting *all* determinations listed in section 1516a were required to be commenced "within thirty days after the date of the *publication* of such determination in the Federal Register." 28 U.S.C. § 2636(c) (1982) (emphasis added), current version at 28 U.S.C. § 2636(c) (Supp.II 1984).

■ The Court must now decide whether plaintiff should be granted leave to file its complaint out of time. The rules governing plaintiff's motion are set forth in Rule 6(b) of the Rules of this Court, which states in pertinent part:

(1) When by these rules or by a notice given thereunder or by order of the court, an act is required or allowed to be done at or within a specified time, the court may upon motion, for good cause shown, order the period extended;

. . . .

(2) ... The motion shall be filed prior to the expiration of the period allowed for the performance of the act to which the motion relates (including any previous extension of time); except, when for good cause shown, the delay in filing was the result of excusable neglect or circumstances beyond the control of the party.

Plaintiffs argue that their reason for missing the filing deadline and their conduct after realizing their error justify the Court's exercise of discretion in allowing the complaint to be filed out of time based upon excusable neglect:

By inadvertence, the time for filing the complaint was incorrectly and inadvertently docketed, adding a five-day mailing period to the normal 30 day period.

Thus, the complaint was not filed within the 30 day period normally allowed by statute under 19 U.S.C. § 1516a(a)(2)(ii). Rather, it was filed on May 9, 1986, 32 days after the filing of the summons.

Brief for Plaintiffs at 1–2. Plaintiffs further contend that they quickly sought to correct the error, no prejudice resulted to any opposing party and the denial of their motion, balanced against the concerns of the other parties, would exact far too great a penalty for the two day delay. They say that their error is similar to that involved in *Jernberg, supra,* in which the complaint was not timely filed because it was mailed without proper postage.

The error in this case is different from that in *Jernberg,* where plaintiffs attempt to file occurred within the proper filing deadline. However, the Court in its discretion holds that relief under Rule 6(b) is warranted since dismissal is a penalty too severe where no prejudice was occasioned by the two day filing delay.

The cases cited in opposition to plaintiffs' motion are inapposite. Those authorities involve situations where the court did not have discretion to enlarge the applicable filing period, or cases such as *Wei v. Hawaii,* 763 F.2d 370 (9th Cir.1985), where the court, in its discretion, determined not to grant leave to file the complaint out of time. In that case plaintiff's counsel did not even docket the applicable 120 day limit, and timely service was not affected because the plaintiff wished to add additional causes of action to his complaint prior to service, but delayed in amending the complaint. The Court finds that its decision is contrary to no precedent of this Court nor of any raised by the opponents of plaintiffs' motion.

### Conclusion

The Court holds that the failure to file a complaint within the time specified in 19 U.S.C. § 1516a(a)(2)(A) does not constitute a jurisdictional defect under 28 U.S.C. § 2636(c) and that the Court has discretion in determining whether to allow such a complaint to be filed out of time under

Rule 6(b) of the Rules of this Court. In this case, where the summons was timely filed, the Court, in its discretion, holds that the two day delay in filing the complaint due to inadvertent docketing by counsel constitutes excusable neglect since no prejudice resulted to the opposing parties.

Defendant and defendant-intervenors' motion to dismiss for lack of jurisdiction is denied. Plaintiffs' motion to file the complaint out of time is granted. Defendant's motion to stay the filing of the administrative record is granted. The administrative record shall be filed not later than 45 days from the date of this opinion. So ordered.