IT IS HEREBY ORDERED that this action is dismissed.

**GILMORE STEEL CORPORATION, OREGON STEEL MILLS DIVISION, Plaintiff,**

v.

**UNITED STATES, Defendant,**

and

**Pohang Iron and Steel Company, Ltd., Intervenor.**

**Court No. 86–05–00606.**

United States Court of International Trade.

Jan. 16, 1987.

Heller, Ehrman, White & McAuliffe, Rene P. Tatro and Eric J. Sinrod, San Francisco, Cal., for plaintiff.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Dept. of Justice, Commercial Litigation Branch, Civ. Div., J. Kevin Horgan, Washington, D.C., for defendant.

Mudge Rose Guthrie Alexander & Ferdon, Donald B. Cameron, Jr. and Alan H. Price, Washington, D.C., for intervenor.

## OPINION

TSOUCALAS, Judge:

This action is before the Court on the motion of intervenor, Pohang Iron & Steel Co. (POSCO), to dismiss for lack of jurisdiction due to insufficient service of process and for lack of standing on the part of plaintiff, Gilmore Steel Corporation (Gilmore). The defendant, United States, joins Gilmore in opposing the motion.

### Background

Plaintiff commenced this action on May 14, 1986 to contest revocation of an antidumping order on carbon steel plate from Korea. It filed a summons with the clerk of the court within 30 days of publication of notice of the revocation, and within 30 days thereafter, on June 12, 1986 filed a complaint with the clerk and served same upon defendant. *See* 19 U.S.C. § 1516a(a)(2)(A) (1982 & Supp. III 1985); USCIT R. 4(a).

At the time it first filed the summons with the clerk, plaintiff, in accordance with USCIT R. 3(e), notified every interested party of commencement of the action, except POSCO. Gilmore's counsel inadvertently used the service list pertaining to another action, Court No. 86–5–00607, involving carbon steel plate from Japan, which did not include POSCO as an interested party. On Oct. 7, 1986, POSCO filed a motion to intervene and an answer to plaintiff's complaint raising its jurisdictional objection. Gilmore served a copy of the summons and complaint on POSCO on Oct. 24, 1986. The Court granted the motion to intervene on Oct. 29, 1986 and POSCO's motion to dismiss was deemed filed as of that date.

POSCO makes three claims for the purposes of the motion to dismiss. First, US-CIT R. 3(e) has been violated since plaintiff failed to notify an interested party at the time the action was commenced or "promptly thereafter." Secondly, compliance with Rule 3(e) is a jurisdictional prerequisite to the commencement of an action in this Court, and therefore, failure to strictly observe Rule 3(e) must result in dismissal of the action. Thirdly, plaintiff lacks standing to commence suit since it has failed to observe the requirements of 19 U.S.C. § 1516a(d) (1982).

### Pertinent Statutes & Rules of Court

28 U.S.C. § 2632(c) (1982)[1] governs the commencement of the action in the instant case:

§ 2632. **Commencement of a civil action**

(c) A civil action in the Court of International Trade under section 516A of the Tariff Act of 1930 shall be commenced by filing with the clerk of the court a summons or a summons and a complaint, as prescribed in such section, with the content and in the form, manner, and style prescribed by the rules of the court.

§ 1516a. **Judicial review in countervailing duty and antidumping duty proceedings**

. . . .

(2) **Review of determinations on record**

(A) **In general.**—Within thirty days after—

(i) the date of publication in the Federal Register of—

[notice of the contested determination]

an interested party who is a party to the proceeding in connection with which the matter arises may commence an action in the United States

---

1. 28 U.S.C. § 2636(c) (1982 & Supp. III 1985) expressly incorporates the time limits to commence an action provided in 19 U.S.C. § 1516a:

(c) A civil action contesting a reviewable determination listed in section 516A of the Tariff Act of 1930 is barred unless commenced in accordance with the rules of the Court of International Trade within the time specified in such section.

Court of International Trade by filing a summons, and within thirty days thereafter a complaint, each with the content and in the form, manner, and style prescribed by the rules of that court, contesting any factual findings or legal conclusions upon which the determination is based.

### § 1516a(d). Standing

Any interested party who was a party to the proceeding under section 1303 of this title or subtitle IV of this chapter shall have the right to appear and be heard as a party in interest before the United States Court of International Trade. The party filing the action shall notify all such interested parties of the filing of an action under this section, in the form, manner, style, and within the time prescribed by rules of the court.

### USCIT R. 3(e):

(e) NOTICE TO INTERESTED PARTIES

In an action described in 28 U.S.C. § 1581(c), the plaintiff, as provided in section 516A(d) of the Tariff Act of 1930, shall notify every interested party who was a party to the administrative proceeding of the commencement of the action, by mailing a copy of the summons at the time the action is commenced, or promptly thereafter, by certified or registered mail, return receipt requested, to each such party at the address last known in the administrative proceeding.

### Discussion of Law

#### A. *Jurisdiction*

The Court of Appeals for the Federal Circuit has described the requirements for commencing an action pursuant to 19 U.S.C. § 1516a(a)(2)(A) as plain and unambiguous. *NEC Corp. v. United States*, 9 CIT 557, 622 F.Supp. 1086 (1985), *reh'g denied*, 10 CIT ——, 628 F.Supp. 976 (1986), *aff'd*, 806 F.2d 247, 248 (Fed.Cir. 1986).

It imposes two requirements for "commenc[ing] an action" in the Court of International Trade ... (1) within 30 days of the publication of the determination in the Federal Register, a summons must be filed, and (2) "within thirty days thereafter a complaint" must be filed. The statute requires both steps and imposes precise time limits within which each step must be taken.

*Georgetown Steel Corp. v. United States*, 801 F.2d 1308, 1311 (Fed.Cir.1986).

When the aforementioned requirements are properly complied with, an action has been commenced. Against this background, intervenor attempts to rely on *Georgetown Steel* and *NEC* for the proposition that USCIT R. 3(e) is jurisdictional in nature.

In *NEC*, the Court of Appeals affirmed the trial court's dismissal of an action where the plaintiff had failed to affix the proper postage to the summons it had attempted to file with the clerk of the court. Therefore, plaintiff could not avail itself of "date-of-mailing" filing provided for in USCIT R. 5(g). The summons was not mailed with proper postage affixed until after the statutory period for filing a summons had terminated. The court dismissed the action since it could not enlarge that 30 day period. *NEC*, 9 CIT at ——, 622 F.Supp. at 1089. In *Georgetown Steel*, the Federal Circuit held that the CIT lacked jurisdiction where plaintiff failed to properly file a complaint within 30 days after the summons was filed. The initial attempt to employ "date-of-mailing" filing failed because the complaint was mailed with insufficient postage. The complaint was first placed in the mail with sufficient postage 43 days after filing of the summons. Since the appellate court determined that the 30 day period for filing a complaint was jurisdictional, it held that the trial court lacked discretion to allow a late filing. *Georgetown Steel*, 801 F.2d at 1312.

It must be remembered that the focus of *Georgetown Steel* and *NEC* was on the filing requirements to commence an action against the United States as defendant rather than on notice requirements for interested third parties. In *NEC*, the Federal Circuit stressed the necessity for a summons initiating an action against the United States to be filed in the manner required

by § 1516a(a) and USCIT R. 5(g). In so doing, the court reaffirmed its dedication to the venerable doctrine of sovereign immunity:

The terms of the government's consent to be sued in any particular court define that court's jurisdiction to entertain the suit. *United States v. Testan*, 424 U.S. 392, 399 [96 S.Ct. 948, 953, 47 L.Ed.2d 114] (1976), quoting *United States v. Sherwood*, 312 U.S. 584, 586 [61 S.Ct. 767, 769, 85 L.Ed. 1058] (1941). Conditions upon which the government consents to be sued must be strictly observed and are not subject to implied exceptions. *Lehman v. Nakshian*, 453 U.S. 156, 161 [101 S.Ct. 2698, 2701, 69 L.Ed.2d 548] (1981), citing *Soriano v. United States*, 352 U.S. 270, 276 [77 S.Ct. 269, 273, 1 L.Ed.2d 306] (1957).

*NEC Corp. v. United States*, 806 F.2d at 248. *See also Georgetown Steel*, 801 F.2d at 1312 (30 day period for filing complaint strictly enforced as part of waiver of sovereign immunity in § 1516a(a)(2)(A)).

In the case at bar, it is unquestioned by any party that the filing of the summons and complaint vis-a-vis the United States was proper. Nonetheless, intervenor would allow any interested party who was a party to the administrative proceeding to stand, in effect, in the place of the United States, and assert the latter's sovereign immunity in order to dismiss the action for alleged non-compliance with USCIT R. 3(e).

Whatever the merits of that position, the Court notes that the provision at issue in the instant case is unlike either the one in *Georgetown Steel* or *NEC*. [2] The 30 day filing period for a complaint and the requirement in USCIT R. 5(g) that proper postage be affixed to utilize "date-of-mailing" filing were both unmistakably clear. In contrast, USCIT 3(e) was drafted with the ambiguous word "prompt," instead of a definite time period within which to effect notice on interested parties. It remains to be determined, therefore, what is meant by that term.

### B. *Rule 3(e).*

Initially, the Court notes that intervenor has not alleged any actual prejudice resulting from the delay in notice. Its argument rests on its construction of the applicable statutes and on the policy rationale that interested parties must be protected from "discovering about a case from 'word on the street.'" *Intervenor's Motion to Dismiss* at 8. Furthermore, POSCO does not directly challenge plaintiff's explanation for the error in service, although it asserts that no "good cause for delay [in service] is shown," *id.*, and claims that while other interested parties were notified, Gilmore failed to serve the only foreign producer involved in the case. *Id.* at 9.[3]

The parties have not alerted the Court to any established construction of the term "prompt." Plaintiff suggests that since "no precise time designation is given by a statute or a court rule to complete such an act, there is 'no fixed time limit.'" *Plaintiff's Opposition to Motion to Dismiss* at 8 citing *SSIH Equip. S.A. v. United States*

---

**2.** Similarly, Rule 3(e) differs from Rule 3(b). The latter rule mandates payment of a filing fee "when an action is commenced," and unlike Rule 3(e), makes no provision for compliance "promptly" after commencement of the action. In any event, intervenor's reliance on the decision in *Former Employees of Badger Coal Co. v. United States*, 10 CIT ——, 649 F.Supp. 818, (1986), as dispositive of the jurisdictional issue in the instant case is misplaced. *Intervenor's Reply to Opposition to Motion to Dismiss* at 3–4. In *Badger Coal*, plaintiff failed in any way to respond to a motion to dismiss for failure to pay the filing fee. *Badger Coal*, at 819. This Court expressly declined to decide whether, under any circumstances, late payment of the fee might be permitted. *Id.* at 819 n. 1.

**3.** In reply papers, intervenor alleges that Lukens, Inc., described as an interested party to the proceeding, has never been notified of the action. *Intervenor's Reply to Opposition to Motion to Dismiss* at 9. Plaintiff asserts that Lukens' involvement in proceedings before the International Trade Administration consisted essentially of informing that agency by letter, that it, along with a majority of the domestic industry, was no longer concerned with antidumping duties. *Supplemental Declaration of Eric J. Sinrod in Opposition to Motion to Dismiss* at 2. Whatever Lukens' degree of involvement, the Court believes that POSCO may not properly assert an objection to the lack of notice given to another party.

*Int'l Trade Comm'n,* 69 CCPA 140, 145, 673 F.2d 1387, 1391 (1982). POSCO urges that the Court adopt the 120 day period specified in Fed.R.Civ.P. 4(j) and USCIT R. 4(h) [4] to establish the meaning of prompt in USCIT R. 3(e).

Even if these provisions were applicable to the instant situation,[5] they, by their express terms, do not set 120 days as an arbitrary cut-off point. A court must consider whether there is "good cause" shown for the delay before deciding whether to dismiss the action.

Notwithstanding certain decisions of other courts, *see, e.g., Wei v. State of Hawaii,* 763 F.2d 370, 371 (9th Cir.1985) (per curiam) (dismissal of action not an abuse of discretion where plaintiff's counsel failed to docket applicable 120 day limit), there is authority from the Court of International Trade holding that under certain circumstances, counsel's inadvertence may qualify as good cause. In *Jernberg Forgings Co.*

*v. United States,* 7 CIT 62, *vacated on other grounds,* 8 CIT 245 (1984), the court granted leave to a party to file its complaint out of time on the basis that its initial failure to mail the complaint with sufficient postage constituted good cause. *See also Pistachio Group of the Ass'n of Food Indus. v. United States,* 10 CIT ——, 642 F.Supp. 1176, 1179 (1986) (good cause shown where complaint filed two days late due to incorrect docketing).[6]

The delay in notice in the instant case was considerably longer than the delay in service in *Jernberg* or *Pistachio Group.* At the same time, the Court cannot discern a truly compelling distinction between the failed attempts to mail the complaint in those cases and the failure to mail the summons in this case.[7] The touchstone of the inquiry should be actual prejudice attributable to the delay in notification. *See Pistachio Group,* 642 F.Supp. at 1179. *See also Sumitomo Metal Indus.,* 69 CCPA at

4. Under the Federal Rules of Civil Procedure, an action is commenced by filing a complaint with the court. Fed.R.Civ.P. 3. Fed.R.Civ.P. 4(a) then requires "prompt" service of the summons and complaint by plaintiff's attorney. Fed.R.Civ.P. 4(j), which is materially identical to USCIT R. 4(h), explains:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice....

5. As intervenor admits, these provisions do not expressly govern the instant action. It insists, however, that the Court may be guided by the definition of prompt service that they provide. In particular, intervenor views cases interpreting the good cause standard of Fed.R.Civ.P. 4(j) as persuasive. In some circumstances, a court may use the Federal Rules of Civil Procedure as a guide to construe the USCIT Rules. *See Sumitomo Metal Indus. v. Babcock & Wilcox Co.,* 69 CCPA 75, 78 n. 3, 669 F.2d 703, 705 n. 3 (1982) (where language of USCIT R. 24(a) and Fed.R. Civ.P. 24(a) identical, court properly looks to interpretations of the latter as an aid to construing the former). *See also* USCIT R. 1 ("The court may refer for guidance to the rules of other courts."). It is less clear whether it follows from this that a court should look to differently worded provisions, i.e. USCIT R. 4(h) or Fed.R.Civ.P. 4(j), to interpret USCIT R. 3(e).

6. The *Jernberg* and *Pistachio* courts determined that the respective plaintiffs in those cases had failed to meet the 30 day deadline for filing a complaint contained in 19 U.S.C. § 1516a(a)(2)(A). Because this requirement was held not to be jurisdictional, these courts reasoned that the late filings could be excused, pursuant to USCIT R. 6(b), if good cause for the delay could be demonstrated. Subsequent to these decisions, the Federal Circuit, in *Georgetown Steel,* 801 F.2d at 1312, has held that a timely filed complaint is a jurisdictional prerequisite under § 1516a(a)(2)(A). Despite this, the Court believes that the above cited cases continue to provide useful guidance as to what conduct satisfies the good cause standard.

7. Plaintiff attempted notification of the interested parties on the day it filed the summons, but was frustrated with respect to POSCO by the error of its counsel in using the service list pertaining to another action. Arguably, this effort, like that in *Jernberg,* represents a somewhat more diligent effort to comply with the Rules than that exhibited in *Pistachio Group* where plaintiff failed to appropriately docket the applicable deadline. *See Pistachio Group,* 642 F.Supp. at 1179. In any event, there is little danger, under the facts of this case, of the good cause exception swallowing the rule, *Wei,* 763 F.2d at 372, since, unlike *Wei,* this is not an instance where plaintiff failed to even docket the relevant time limitation.

83, 669 F.2d at 708–09 (in assessing "timeliness" of motion to intervene under Rule 24(a)(1), prejudice to the parties is perhaps the central consideration). In the instant case, there has been no prejudice due to the delay in notification, and all parties are up to date in the litigation. Plaintiff's counsel has apparently acted in good faith and rectified its error upon learning of it. Notification was as prompt as reasonably possible in this action. Even adopting intervenor's proposed definition,[8] the Court finds the notification prompt since there was good cause for any delay in notice beyond 120 days after commencement of the action.

### Conclusion

The Court holds that notification was given in the instant case in a reasonably prompt fashion. While careless practice is not to be encouraged, the Court concludes that, under the facts of this case, and in the absence of actual prejudice to intervenor, dismissal of the action is not warranted as a penalty for counsel's inadvertence. Finally, the Court notes that, even adopting intervenor's definition of the term, notification was "promptly" given, since there was good cause for giving notice more than 120 days after commencement of the action. Accordingly, intervenor's motion to dismiss is denied.

---

8. Intervenor initially proposed that "the 'plain meaning' of Rule 3(e) permits only the smallest delay. Perhaps, one or two weeks might be arguable." *Intervenor's Motion to Dismiss* at 7. Then intervenor ostensibly abandoned reliance on the plain meaning of Rule 3(e) in favor of the 120 day standard borrowed from USCIT R. 4(h) and Fed.R.Civ.P. 4(j). *Id.* at 8; *Intervenor's Reply to Opposition to Motion to Dismiss* at 5–6. Intervenor's inconsistent efforts to define prompt in terms of a specific number of days are illustrative of the futility of such an approach.