**DAEWOO ELECTRONICS COMPANY, LTD., et al., Plaintiffs,**

**v.**

**The UNITED STATES, Defendant.**

**Court No. 85–01–00140.**

United States Court of International Trade.

Feb. 25, 1987.

Arnold & Porter, Thomas B. Wilner, Patrick J. Macrory, Washington, D.C., et al., for plaintiffs Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, J. Kevin Horgan, Washington, D.C., for defendant U.S.

Frederick L. Ikenson, P.C., Frederick L. Ikenson and J. Eric Nissley, Washington, D.C., for defendant-intervenor Zenith Electronics Corp.

## OPINION AND ORDER

WATSON, Judge:

On December 28, 1984, the Commerce Department published notice of its final determination in the first administrative review of the antidumping duty order covering color television receivers from Korea. 49 Fed.Reg. 50420. Five actions were then brought in this Court to challenge that determination, all of which have been consolidated hereunder. Plaintiff/defendant-intervenor, Zenith Electronics Corporation ("Zenith"), has now moved to sever and dismiss one of those actions, *Samsung Electronics Company, Ltd. and Samsung Electronics America, Inc. [("Samsung")] v. United States,* Court No. 85-02-00186, for lack of jurisdiction. While acknowledging that Samsung timely filed the summons commencing its action on January 28, 1985, Zenith contends that such filing was fatally defective because it was not signed by an attorney authorized to practice before this Court. Specifically, the attorney who signed the summons, Thomas B. Wilner of the law firm of Arnold & Porter, was not a member of the bar of this Court when he signed the summons, and thus was not authorized to practice or appear before the Court under Court of International Trade ("CIT") Rule 75. Consequently, his signature on the summons did not conform with the signing requirement under CIT Rules 11 and 81(c). Zenith argues that because the summons did not comply with those rules, its filing was a nullity.

In opposition to the motion, Samsung contends that an attorney's failure to sign a pleading, or to be a member of the bar of the Court, is not a defect which nullifies the filing of a pleading for jurisdictional purposes, at least when the defect has been rectified shortly thereafter. It is undisputed that, upon realizing that he was not a member of the CIT bar, Mr. Wilner promptly applied for admission, requesting accelerated consideration, and was admitted on March 4, 1985. (Wilner affidavit, paragraph 4). Samsung also argues that Zenith's motion, which was not filed until November 7, 1986, is barred by laches.

Although the defendant, United States, joins Samsung in opposing Zenith's motion, the Court will assume that Zenith may properly raise this jurisdictional challenge. The government opposes Zenith's motion not on the ground that it consents to jurisdiction, but because it contends that the defect in Samsung's summons was not jurisdictional. Hence, the Court deems it appropriate to decide the motion on its merits. *Cf., Gilmore Steel Corp. v. United States,* —— CIT ——, ——, 652 F.Supp. 1545, 1548 (1987).

Recent decisions have spawned some confusion over what sort of filing defects are jurisdictional in nature. In *Georgetown*

*Steel Corp. v. United States,* 801 F.2d 1308 (Fed.Cir.1986), our appellate court declared:

> Since section 1516a(a)(2)(A) specifies the terms and conditions upon which the United States has waived its sovereign immunity in consenting to be sued in the Court of International Trade, those limitations must be strictly observed and are not subject to implied exceptions.... If a litigant fails to comply with the terms upon which the United States has consented to be sued, the Court has no "jurisdiction to entertain the suit." ...

*Id.* at 1312 (citations omitted).[1] One might plausibly infer from this language that *any* requirement for commencing an action imposed by Congress upon a private litigant is *ipso facto* jurisdictional (unless Congress has clearly indicated otherwise). Although the instant motion to dismiss is based on the failure of Samsung's counsel to comply with certain rules of this Court, the statutes that specify the filing requirements expressly refer to such rules and require compliance therewith.[2]

■ The Court of Appeals in *Georgetown Steel,* on the other hand, went on to state:

> The Court of International Trade cannot by rule modify a requirement Congress has imposed. That is precisely what that court's Rule 3(a) attempted to do, by providing that an action under 19 U.S.C. 1516a(a)(2) is "commenced by filing a summons only."

*Id.* at 1313.[3] The government, in opposition to Zenith's motion, cites this language to argue that "[s]ince Congress has not made the signing of pleadings jurisdictional, that requirement cannot become jurisdictional merely because the Court has included such a provision in its rules." (Defendant's brief at 2–3). Samsung advances a similar argument in its brief (at 17).[4] To

---

1. *Georgetown Steel* expressly overruled the CIT decision of *Jernberg Forgings Co. v. United States,* 7 CIT 62, *vacated on other grounds,* 8 CIT 245 (1984). In *Jernberg Forgings,* the court reasoned that, as between 19 U.S.C. § 1516a(a)(2)(A) (1982) and 28 U.S.C. § 2636(c) (1982), only the filing requirements set forth in the latter provision were intended to be jurisdictional, since only the latter explicitly declared that otherwise the action "is barred." Accordingly, because § 2636(c) only incorporated the 30–day deadline for filing the summons, the court concluded that a party's failure to file a complaint within thirty days thereafter (as required under 19 U.S.C. § 1516a(a)(2)(A)) could be excused for good cause.

2. 19 U.S.C. § 1516a(a)(2)(A) (1982 and Supp. II 1984) states, in pertinent part:
   > ... Within thirty days after
   > (i) the date of publication in the Federal Register of—
   > (I) notice of any determination described in clause ... (iii) ... of subparagraph (B) ...
   > an interested party who is a party to the proceeding in connection with which the matter arises may commence an action in the United States Court of International Trade by filing a summons, and within thirty days thereafter a complaint, *each with the content and in the form, manner, and style prescribed by the rules of that court,* contesting any factual findings or legal conclusions upon which the determination is based. (Emphasis added).
   
   28 U.S.C. § 2632(c) (1982) states:
   > A civil action in the Court of International Trade under [19 U.S.C. § 1516a] shall be commenced by filing with the clerk of the court a summons or a summons and a complaint, as prescribed in such section, *with the content and in the form, manner, and style prescribed by the rules of the court.* (Emphasis added).
   
   28 U.S.C. § 2636(c) (1982 and Supp. II 1984) states:
   > A civil action contesting a reviewable determination listed in [19 U.S.C. § 1516a] is barred unless commenced *in accordance with the rules of the Court of International Trade* within the time specified in such section. (Emphasis added).

3. The Federal Circuit's characterization of CIT Rule 3(a) is perhaps unfair. The quoted language accords with the reading of 28 U.S.C. § 2632(c) set forth in the legislative history (*see* H.R.Rep. No. 1235, 96th Cong., 2d Sess. 53 (1980)), which the Court of Appeals apparently overlooked. It would seem, therefore, that Rule 3(a) can as easily be reconciled with the holding of *Georgetown Steel* as can the language of § 2632(c).

4. Samsung also seeks support from CIT Rule 1, which states in part: "The rules shall not be construed to extend or limit the jurisdiction of this court." That sentence was modeled after Rule 82 of the Federal Rules of Civil Procedure. *See also* Rule 1, Federal Rules of Appellate Procedure. The Supreme Court has construed such language as a stricture against applying rules to alter subject matter jurisdiction or substantive rights. *Mississippi Pub. Corp. v. Murphree,* 326 U.S. 438, 443–46, 66 S.Ct. 242, 245–46, 90 L.Ed. 185 (1946). It does not proscribe procedural requirements that may incidentally impact on jurisdiction.

the extent that the government and Samsung view this Court as powerless to impose mandatory procedural requirements, such a view of course goes beyond the holding of *Georgetown Steel* and appears difficult to square with Congress' repeated references to the CIT Rules in the jurisdictional statutes.

In *NEC Corp. v. United States*, 9 CIT 557, 622 F.Supp. 1086 (1985), *rehearing denied*, 10 CIT ——, 628 F.Supp. 976 (1986), this Court dismissed an action brought under 19 U.S.C. § 1516a(a)(2) because the plaintiff did not satisfy the requirements for filing its summons under CIT Rule 5(g) until after the thirty-day time limit elapsed. The Federal Circuit affirmed, stating:

> The summons is to be filed in a manner prescribed by the Rules of the Court of International Trade. 19 U.S.C. § 1516a(a)(1) [sic]. The rules prescribing the manner and method for filing a summons constitute terms and conditions upon which the United States waives its sovereign immunity. Suit is barred unless the summons is filed in conformity with these rules. 28 U.S.C. § 2636(c). Contrary to the NEC assertion that deviation from the Rules of the Court of International Trade may be subject to excuse and remedied upon equitable principles, the requirement of a properly and timely filed summons is a requisite of jurisdiction which cannot be waived.... The terms of the government's consent to be sued in any particular court define that court's jurisdiction to entertain the suit.... Conditions upon which the government consents to be sued must be strictly observed and are not subject to implied exceptions....

806 F.2d 247, 248–49 (Fed.Cir.1986) (citations omitted), *denial of reh'g en banc vacated*, Order (Jan. 13, 1987). This language, at the very least, casts doubt on the proposition that formal requirements imposed by court rule cannot be considered mandatory. Samsung and the defendant point out, however, that the rule violation which defeated the filing of the summons in *NEC*—the lack of "proper postage" required under Rule 5(g)—is a requirement specified in the statute that authorized the court to promulgate the rule, 28 U.S.C. § 2632(d). They suggest, generally, that only formal requirements explicitly imposed by statute may be viewed as mandatory and jurisdictional.

█ The Court declines to make such a sweeping general pronouncement. By the same token, it clearly goes too far to suppose Congress intended that any discernible deviation from the "form, manner, and style prescribed by the rules of [this] court" in the filing of a summons or complaint constitutes a jurisdictional defect if not corrected by the filing deadline. Such a construction would lose sight of the basic function of procedural rules "to serve as a useful guide to help, not hinder, persons who have a legal right to bring their problems before the courts." 346 U.S. 946 (1954) (separate statement of Justice Black upon adoption of revised Supreme Court Rules). At least where it is not apparent from the language or context of the rule involved that compliance is essential to an effective filing, the Court will not view non-compliance as *per se* fatal.

█ CIT Rule 11 requires that every pleading be signed by an individual "attorney of record". It is reasonable to construe this requirement *in pari materia* with Rule 75 which restricts practice and appearances before the Court to attorneys admitted to the CIT bar. Accordingly, for an attorney's signature to comply with Rule 11, the attorney must be a member of the CIT bar. Rule 11 goes on to provide, however:

> If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing

of the pleading, motion, or other paper, including a reasonable attorney's fee. CIT Rule 11, by its terms, therefore, does not contemplate that non-compliance voids the filing of a pleading. Rather, an unsigned pleading need not be stricken if "it is signed promptly after the omission is called to the attention of the pleader." To the extent that a pleading signed by an attorney not then admitted to the CIT bar constitutes a pleading "signed in violation of [Rule 11]"[5], the rule only calls for "an appropriate sanction", which plainly need not include striking the pleading.

■ At the time the summons at issue was filed, Samsung's attorney, Mr. Wilner, was a member of the bars of New York, Pennsylvania and the District of Columbia, and was admitted to practice before several federal courts including the Supreme Court. Zenith does not dispute that Wilner was eligible and qualified at that time for admission to this Court's bar. Moreover, several other members of Wilner's law firm, Arnold & Porter, were then members of the CIT bar. The case at bar is thus readily distinguishable from cases cited by Zenith in which a corporate party bringing an action was not represented by an attorney. *E.g., Beddy G. Cury, Curly Top, Inc. v. United States*, 85 Cust.Ct. 120 (1980); *S. Stern, Henry & Co. v. United States*, 48 Cust.Ct. 430 (1962), *aff'd*, 331 F.2d 310, 51 CCPA 15, C.A.D. 830 (Fed.Cir.1963), *cert. denied*, 377 U.S. 909, 84 S.Ct. 1169, 12 L.Ed.2d 179 (1964). It is further undisputed that Wilner promptly applied for admission to the CIT bar after realizing he was not a member, and has been admitted to practice in this Court since March 4, 1985. In short, Wilner's failure to be a member of the CIT bar when he signed Samsung's summons was a mere technical defect which was promptly cured and which has neither prejudiced nor misled anyone. Under the circumstances, the Court concludes that the summons was not void; that it should not be stricken and need not be refiled; and that no other sanction is warranted.

The Court's ruling is in line with decisions of numerous other federal courts which have refused to treat a pleading or motion filed by an attorney not admitted to practice in the court as a nullity. *E.g., Schifrin v. Chenille Mfg. Co., Inc.*, 117 F.2d 92, 94 (2d Cir.), *cert. denied*, 313 U.S. 590, 61 S.Ct. 1114, 85 L.Ed. 1545 (1941); *Becks v. Turner*, 68 F.R.D. 466 (E.D.N.Y. 1975); *Pavlak v. Duffy*, 48 F.R.D. 396, 398 (D.Conn.1969); *MacNeil v. Hearst Corp.*, 160 F.Supp. 157 (D.Del.1958); *Stevens v. Gertz*, 103 F.Supp. 760, 762 (W.D.Mich. 1952). Courts have likewise declined to dismiss actions against the United States due to comparable defects in the initial pleading. *See, e.g., Simons v. United States*, 497 F.2d 1046, 1049 (9th Cir.1974); *Yuri Yajima v. United States*, 6 F.R.D. 260, 262 (E.D.N.Y.1946).

In light of the above holding, the Court need not address Samsung's claim of laches.

For the foregoing reasons, it is ORDERED that Zenith's motion to sever and dismiss Court No. 85–02–00186 is hereby DENIED.

---

5. The standard context in which the identical language in Rule 11 of the Federal Rules of Civil Procedure has come into play is where the signer has failed to make a "reasonable inquiry" into the factual or legal basis of the pleading, motion or other paper. *E.g., Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 252–54 (2d Cir.1985).