MAGNESIUM CORPORATION
OF AMERICA, Plaintiff,

v.

UNITED STATES of America, Defendant,

and

Taiyuan Heavy Machinery Import and
Export Corporation, Defendant–
Intervenor.

Slip Op. 98–130.
Court No. 98–02–00423.

United States Court of
International Trade.

Sept. 11, 1998.

Baker and Botts, L.L.P. (William D. Kramer), Washington, DC, for Magnesium Corporation of America, plaintiff.

Frank W. Hunger, Assistant Attorney General; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Lucius B. Lau); Office of Chief Counsel for Import Administration, United States Department of

Commerce (David W. Richardson), of counsel, Washington, DC, for defendant.

Riggle and Craven (David A. Riggle), Chicago, IL, for defendant–intervenor, Taiyuan Heavy Machinery Import and Export Corporation.

BARZILAY, Judge:

### Memorandum Opinion and Order

Defendant–Intervenor, Taiyuan Heavy Machinery Import and Export Corporation ("Taiyuan"), moves to dismiss Plaintiff's, Magnesium Corporation of America ("MCA"), challenge to the Department of Commerce's ("Commerce") final results in an antidumping duty new shipper administrative review, *Pure Magnesium from the People's Republic of China: Final Results of Antidumping Duty New Shipper Review*, 63 Fed. Reg. 3,085 (Jan. 21, 1998). Taiyuan asserts that Plaintiff's failure to pay the correct filing fee deprives this Court of subject matter jurisdiction. The Government filed a Motion in Support of Taiyuan's Motion to Dismiss. For the reasons that follow, the Court denies the motion to dismiss.

### BACKGROUND

On February 20, 1998, thirty days after publication of the final results of the antidumping duty review, MCA mailed to the Clerk's Office of the United States Court of International Trade, a summons by certified mail, return receipt requested, to commence an action pursuant to 28 U.S.C. § 1581(c), along with a check in the amount of $120 to pay the filing fee. Upon receipt on February 23, 1998, the Clerk's Office notified MCA's counsel that the Court had raised the filing fee to $150 effective November 1, 1997, and asked counsel to remit a check in that amount to the Court. A check in the proper amount was sent to the Clerk's Office by overnight mail and was received on February 24.. If the summons cannot be deemed to have been filed until payment of the filing fee, as Taiyuan argues, the summons would have been filed thirty-four days following publication and would be untimely. Thus, the issue to be resolved is whether payment of the filing fee at the time the summons is filed is a jurisdictional prerequisite under 28 U.S.C. § 2632(c) to commence an action pursuant to 28 U.S.C. § 1581(c).

### DISCUSSION

■■■ Congress gave this Court exclusive jurisdiction over "any civil action commenced under section 516A of the Tariff Act of 1930 [19 U.S.C. § 1516a]." 28 U.S.C. § 1581(c) (1994). Neither Taiyuan nor the Government dispute that this Court, therefore, has general subject matter jurisdiction over the present controversy. The point of contention is over the scope of the Court's narrowly defined jurisdiction to hear cases in which the United States is a defendant and whether Plaintiff's actions have properly placed this case within that jurisdiction. "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Waivers of sovereign immunity must be strictly construed and are not subject to implied exceptions. *Lehman v. Nakshian*, 453 U.S. 156, 161, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981). In order to sue the United States under the relevant provisions of section 516A, two steps must be taken. First, a summons must be filed in this Court within thirty days after publication in the Federal Register of certain decisions by Commerce. 19 U.S.C. § 1516a(a)(2)(A). Second, within thirty days of filing a summons, the party also must file a complaint. 19 U.S.C. § 1516a(a)(2)(A). Only after both a summons and complaint are filed does the Court's jurisdiction attach. *See Georgetown Steel v. United States*, 801 F.2d 1308, 1313 (Fed.Cir.1986). *See also Wire Rope Importers' Ass'n v. United States*, 17 CIT 1092 (1993).

It is firmly established that both thirty day periods are conditions of the United States' waiver of sovereign immunity; and thus, jurisdictional prerequisites. *See NEC Corp. v. United States*, 9 CIT 557, 622 F.Supp. 1086 (1985), *reh'g denied*, 10 CIT 15, 628 F.Supp. 976 (1986), *aff'd*, 806 F.2d 247 (Fed.Cir.1986) (holding that a summons must have sufficient postage affixed to be timely filed); *Georgetown Steel*, 801 F.2d 1308 (holding that a complaint must have sufficient postage affixed to be timely filed). Taiyuan argues that because payment of the filing fee did not

occur until February 24, 1998, thirty-four days after publication in the Federal Register, the filing of the summons was not timely, and thus the Court lacks jurisdiction. If, however, payment of the filing fee is an administrative matter and not a jurisdictional prerequisite then the summons was filed timely and the Court has jurisdiction. Taiyuan argues that 28 U.S.C. § 2633(a), which requires payment of a filing fee "upon commencement of a civil action," makes payment of the filing fee a jurisdictional prerequisite.

■ This Court's Rule 3(b) implements the statute and states "[w]hen an action is commenced, a $150 filing fee shall be paid to the clerk of the court...." USCIT R. 3(b). An action is commenced under both 28 U.S.C. § 2632(c) and 19 U.S.C. § 1516a(a)(2)(A) and Rule 3(a) by the filing of a summons and complaint. Each filing ends the running of the respective thirty day time period. Upon commencing an action a plaintiff must pay a filing fee, but this is a separate and distinct matter from commencement. That waivers of sovereign immunity must be strictly construed is well established, but so too are the underlying policy reasons. "The history of sovereign immunity and the practical necessity of unfettered freedom for government from crippling interferences require a restriction of suability to the terms of the consent, as to persons, courts and procedure." *Great Northern Life Ins. Co. v. Read,* 322 U.S. 47, 53–54, 64 S.Ct. 873, 88 L.Ed. 1121 (1944).

■ Whether a filing fee is paid to the Court does not implicate the same policy considerations. Unlike establishing a rigid time frame in which a party may sue the government, the time of payment or the amount of a filing fee is not the same as the timely filing of the case itself. Through the express wording of 28 U.S.C. § 2633(a), Congress has given the Court discretion to impose a filing fee in the amount of its choosing, provided it falls within the prescribed range.[1] The presence of discretion suggests that, unlike the time periods governing when the summons and complaint must be filed, payment of filing fees and the amount thereof is an administrative matter. *See, e.g., American Chain Ass'n v. United States,* 13 CIT 1090, 746 F.Supp. 112 (1989) (The summons was not mailed and therefore, not filed, until the thirty-first day following publication.). Rather than being a term and condition upon which the United States consents to be sued, the collection of filing fees enables the court to cover the administrative costs that filing an action entails.

Nothing in the statutory provisions nor in the rule governing commencement of an action suggests that an action is not filed if the filing fee is not paid. To commence an action in this Court, timely filing of the summons and complaint is required "with the content and in the form, manner, and style prescribed by the rules of [this] court." 28 U.S.C. § 2632(c) (1994) and 19 U.S.C. § 1516a(a)(2)(A) (1994). Neither statute on its face requires the payment of a filing fee to commence an action, and compliance with the Court's Rules only refers to the actual documents filed. USCIT R. 3 implements 28 U.S.C. § 2632(c) and 19 U.S.C. § 1516a(a)(2)(A).

Rule 3 of this Court, which governs commencement of an action, states "[a] civil action is commenced by filing with the clerk of the court: ... (2) A summons, and within thirty days thereafter a complaint in an action described in 28 U.S.C. § 1581(c) to contest a determination listed in section 516A(a)(2) or (3) of the Tariff Act of 1930...." USCIT R. 3(a)(2). As with the statutes, Rule 3(a)(2) does not mention payment of the filing fee.

Despite Taiyuan's argument that payment is jurisdictional, payment of a filing fee is different from affixing the proper postage when filing is done through mailing. In *NEC,* the Court expressly relied on Rule 5(g), current Rule 5(e), which made an exception to the rule that filing is completed when received. That Rule allows filing to be deemed to have occurred as of the date of mailing, but only if the proper postage is affixed, the pleading is addressed properly, and a return receipt is requested. *NEC,* 9 CIT at 560, 622 F.Supp. at 1089; *accord*

1. Currently, the range is $5–$150.

*Georgetown Steel*, 801 F.2d 1308, 1311. Because filing by mail is a substitute for filing by delivery, the time requirements for filing directly affect the terms and conditions of the United States' waiver of sovereign immunity. When insufficient postage is affixed the summons or complaint cannot be considered filed within the time allotted by statute. The time periods established by Congress are the conditions of the waiver of sovereign immunity. Payment of a filing fee when the summons is filed, however, is an administrative matter that is not one of the terms and conditions upon which the United States consents to be sued.

There are cases holding that payment of a filing fee is jurisdictional. *See Burnett v. Perry Manufacturing, Inc.,* 151 F.R.D. 398, 401 n.3, (D. Kansas 1993) (compiling cases). The Court believes these cases are distinguishable and that the greater weight of authority has held payment of filing fees not to be jurisdictional. Furthermore, the two district court decisions holding the filing fee to be jurisdictional had local rules providing for advance payment of the fee. In *Keith v. Heckler,* local rule 16 stated "(B) Payment in Advance: All fees and costs due the Clerk shall be paid in advance...." 603 F.Supp. 150, 156 (E.D.Va.1985) (citation omitted). In *Wanamaker v. Columbian Rope Co.,* the court looked to the local rule, which stated "[t]he clerk shall not be required to render any service for which a fee is prescribed by statute or by the Judicial Conference of the United States unless the fee for the particular service is paid to him in advance." 713 F.Supp. 533, 537 n.2 (N.D.N.Y.1989), *aff'd,* 108 F.3d 462 (2d Cir.1997) (citation omitted). Unlike 28 U.S.C. § 1914(c), which allows district courts to require advance payment of fees, 28 U.S.C. § 2633(a) simply states "a filing fee shall be payable to the clerk ... upon the commencement of a civil action in such court." Nothing in the wording of the statute mentions requiring *advance* payment of the fee.

In *Former Employees of Badger Coal Co. v. United States,* 10 CIT 693, 649 F.Supp. 818 (1986), the only opinion from this Court directly dealing with filing fees, the Court dismissed plaintiffs' action after several requests were made of plaintiffs to pay the fee and after plaintiffs failed to respond to the motion to dismiss. 10 CIT 693, 694, 649 F.Supp. 818, 819 (1986). In a later opinion the Court explained the ruling in *Badger Coal* stating, "plaintiff failed in any way to respond to a motion to dismiss for failure to pay the filing fee. This Court expressly declined to decide whether, under any circumstances, late payment of the fee might be permitted." *Gilmore Steel Corp. v. United States,* 11 CIT 39, 43 n. 2, 652 F.Supp. 1545, 1548 n. 2 (1987) (citations omitted). It appears that the dismissal in *Badger Coal* was due to a failure to prosecute, evidenced by nonpayment of the filing fee and a failure to respond to the defendant's motion to dismiss. Unlike plaintiffs in *Badger Coal,* in this case MCA had sent a check to the clerk's office and promptly submitted the full amount of the filing fee after receiving notification that the amount tendered was insufficient and responded timely to the motion to dismiss.

Finally, several of the Court's rules suggest that payment of the filing fee is not a prerequisite to the Court's jurisdiction. An examination of Rule 80(g), which incorporates the Court's Schedule of Fees, indicates that payment of a filing fee is not jurisdictional. Item Nine of Additional Fees imposes a charge for a check paid into court that is returned for lack of funds: a bounced check. Although the Court is unaware of any decisions on point, the presence of a bounced check fee demonstrates that the Court Rules contemplate the ability to cure a failure to pay any of its fees, including the filing fee. One final rule, Rule 1, also supports the decision in this case. Rule 1 states "[t]he rules shall not be construed to extend or *limit* the jurisdiction of the court." USCIT R. 1 (emphasis added). Construing Rule 3 in the manner argued by Taiyuan would limit this Court's jurisdiction in a manner contrary to the expressed intent of Rule 1.

For the reasons discussed above, the Court finds payment of a filing fee is not a jurisdictional prerequisite, and that Plaintiff's action was properly commenced.

Accordingly, it is hereby

ORDERED that Defendant–Intervenor's Motion to Dismiss for Lack of Jurisdiction is Denied.